[No, 7,066.]

# PEOPLE EX REL. TAYLOR *v.* BOARD OF ELECTION COMMISSIONERS.

PROHIBITION—JUDICIAL PROCEEDINGS.—Upon an application for a writ of prohibition to the Board of Election Commissioners of San Francisco, to arrest their proceedings in ordering an election for fifteen freeholders, to prepare and propose a charter to be submitted to the voters of the city and county, as provided in § 18 of art. 11 of the Constitution: *Held,* that their action was not judicial, and therefore the writ would not lie.

APPLICATION for a writ of prohibition.

The facts are stated in the opinion.

*A. A. Cohen,* for Petitioner.

*John F. Swift,* and *Joseph P. Hoge,* for Respondents.

In bank, MORRISON, C. J. :

This is an application for a writ of prohibition under chapter 3 of the Code of Civil Procedure.   The office of the writ is to

"arrest the proceedings of any tribunal, corporation, board, or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person."

The petition shows that the defendant, the Board of Election Commissioners, was created by "An Act to regulate the registration of voters and to secure the purity of elections in the City and County of San Francisco," approved March 18th, 1878; and that the defendants named, Isaac S. Kalloch and others, compose said Board. It further appears, that at a meeting of the said Board, held on the 4th day of March, 1880, the following resolution was adopted:

"*Resolved*, That it is the sense of the Board of Election Commissioners for the City and County of San Francisco that an election should be held at an early day, for the purpose of electing fifteen freeholders to prepare and propose a charter to be submitted to the voters of the said city and county, as provided by § 8, art. 11, of the Constitution of California."

It also appears from the petition, that the said Board on the same day adopted another resolution, to the effect that a special election be held in said city and county on the 30th day of March, 1880, for the purpose of electing fifteen freeholders to prepare and propose a charter for said city, under said Constitution; and that the qualified voters of said city and county be duly notified to meet in their respective election precincts on Tuesday, the 30th day of March, 1880, for the purpose of said election: and that, in pursuance of said last-mentioned resolution, the said Board made and published the following notice:

"Public notice is hereby given, that a special election in and for the City and County of San Francisco, State of California, will be held on Tuesday, the 30th day of March, 1880, and the qualified voters of said city and county are hereby called to meet in their respective election precincts on said day at said special election, for the purpose of electing fifteen freeholders, who shall have been for at least five years qualified electors of said city and county, to prepare and propose a charter for said city and county as provided for in the Constitution of said State and said resolution."

It is charged in said petition that the action of said Board of

Election Commissioners, in making the order for said election, was in excess of the powers and jurisdiction of said Board, and in violation of the Constitution and laws of the State; and that if said election be allowed to proceed, the expense thereof will exceed the sum of $30,000, all of which will be drawn out of the treasury of said city. Petitioner alleges that he is a taxpayer of said city, and as such, applies for the writ. On the return day, the defendants appeared and filed their demurrer to the petition. The following is the only ground of demurrer which it will be necessary for us to notice:

"That it appears upon the face of said affidavit, petition, and papers, taken as true, that the action had by said Board of Election Commissioners and complained of in said affidavit, etc., is not nor is any part thereof in any sense a judicial proceeding, nor otherwise the subject of examination by this Court through or by its writ of prohibition."

We are of the opinion that the demurrer is well taken, and should be sustained. The question presented by it has been passed upon by this Court in two recent cases, the first being the case of *Spring Valley Water Works* v. *The City and County of San Francisco*, 52 Cal. 111, and more recently in the case of *Maurer* v. *Mitchell*, 53 Cal. 289. In the first case above mentioned, Justice McKinstry, delivering the opinion of the Court, says: "At the common law the writ of prohibition was issued on the suggestion that the cause originally, or some collateral matter arising therein, did not belong to the inferior jurisdiction, but to the cognizance of some other court. (3 Shars: Blackstone's Com. 112.) It was an original remedial writ, provided as a remedy for encroachment of jurisdiction; its office was to restrain subordinate courts and inferior *judicial tribunals* from exceeding their jurisdiction. (*Quimbo Appo* v. *The People*, 20 N. Y. 540; *Thomas* v. *Mead*, 36 Mo. 232.) And again in the very late case of *Maurer* v. *Mitchell, Tax Collector*, etc., reported in 53 Cal., the Supreme Court uses the same language, and adopts the same view of the law.

In no sense was the action of the Board of Election Commissioners complained of, and sought to be reached by prohibition, judicial in its nature. And whether it was legislative or simply ministerial we are not now called upon to determine.

In sustaining the demurrer to the petition, we express no opinion upon the regularity or legality of the proceedings taken by the Board of Election Commissioners.

Demurrer sustained and writ denied.

THORNTON, J., ROSS, J., MYRICK, J., SHARPSTEIN, J., McKEE, J., and McKINSTRY, J., concurred.