[No. 19115.   Department One. — March 2, 1893.]

## CITY OF CORONADO ET AL., PETITIONERS, *v.* CITY OF SAN DIEGO ET AL., RESPONDENTS.

PROHIBITION — MINISTERIAL ACT — LEVY OF TAX. — The levy of a tax is a ministerial and not a judicial act, and a writ of prohibition will not lie to restrain the levy.

ID. — OFFICE OF WRIT OF PROHIBITION — JUDICIAL ACTS. — A writ of prohibition can only be invoked to restrain threatened acts which are judicial in their character.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*O. A. McConoughey*, and *A. M. McConoughey*, for Petitioners.

*William H. Fuller*, for Respondents.

GAROUTTE, J. — This is an application for a writ of prohibition, to prevent respondents from levying a tax for municipal purposes upon property situated within the corporate limits of petitioner. A general demurrer to the petition was sustained by the trial court, and the legal sufficiency of the petition is the only matter before us.

After alleging the corporate existence of the city of San Diego, that the territory forming the city of Coro-

nado was originally a portion of the city of San Diego, but had been set off, and the city of Coronado created therefrom in accordance with the requirements of the law, the petitioner further alleged "that the city of San Diego, ever since said exclusion of said territory· from its corporate limits, has, without warrant of law, charter, or grant, exercised the franchise of assessing, levying, and collecting taxes on and from all the territory within said city of Coronado, so excluded, for the municipal uses of the city of San Diego, and has finished the assessment for the year 1892 on the property in the said city of Coronado, and is threatening and has expressed its intention to levy taxes thereon for the municipal uses of said city of San Diego, which franchise is not conferred upon it by statute, charter, or grant, and there is no plain, speedy, or adequate remedy in the ordinary course of law," etc.

The foregoing facts form no basis for the issuance of a writ of prohibition. Prohibition is essentially jurisdictional, and therefore judicial; *mandamus* is· purely ministerial; and when the Code of Civil Procedure declares that the writ of prohibition is the counterpart of the writ of mandate, the declaration cannot be true in its broadest sense, and to that extent it is misleading. These two writs are the counterpart of each other, to the extent that one is prohibitory and the other mandatory; one acts upon the person, the other acts upon the tribunal; but beyond that they have nothing in common. (*Maurer* v. *Mitchell*, 53 Cal. 289.)

It is recognized as a universal rule that the writ of mandate will issue to compel the levy of a tax, and it will issue for the reason that the act of making the levy is purely ministerial. If *mandamus* will issue to compel a levy, because the act is ministerial, it must be conceded that prohibition will not run to restrain the levy, for it can only be invoked to restrain threatened acts which are judicial in their character. It was held in *Maurer* v. *Mitchell*, 53 Cal. 289, that the writ of prohibition to which reference is made in the constitution and

the statute is the common-law writ, and that it would not run to prohibit the tax collector from selling property under an alleged void assessment. In *Le Conte* v. *Town of Berkeley*, 57 Cal. 269, a writ was refused to restrain the collection of a street assessment upon the ground that it was not the proper remedy. In *People* v. *Election Comm'rs*, 54 Cal. 404, it was declared that the writ would not lie to restrain a board of election commissioners from calling an election, their action not being judicial in its nature, the court further saying that whether it was legislative or ministerial was not necessary to determine. There are numerous other authorities in this state to the same effect.

The levy of the tax is not a judicial act, and for the foregoing reasons the judgment is affirmed.

HARRISON, J., and PATERSON, J., concurred.