15 668
15 701
15 668
24 542
15 668
32 53

[No. 2346. Decided November 30, 1896.]

THE STATE OF WASHINGTON, *on the Relation of Amsterdamsch Trustees Kantoor*, v. SUPERIOR COURT OF SPOKANE COUNTY AND NORMAN BUCK, *Judge*.

PROHIBITION — JURISDICTION OF SUPREME COURT — WHO MAY APPLY — ILLEGAL CORPORATION — QUO WARRANTO AGAINST — APPOINTMENT OF RECEIVER.

Under the constitution of this state the supreme court has jurisdiction to issue writs of prohibition to restrain the superior courts from proceeding without, or in excess of, jurisdiction, and the supreme court is not restricted in the exercise of such power merely to cases where it may be necessary in aid of its appellate jurisdiction.

The superior court has no power to appoint a receiver for a corporation, upon the institution by the state of *quo warranto* proceedings seeking to oust it from the exercise of corporate powers, since, under the provisions of Code Proc., § 689, authority to appoint receivers in such cases is specially provided in event of judgment against the corporation.

Whether the corporation is one *de jure* or merely *de facto*, it is entitled to the possession of its property until deprived thereof by the judgment of a court of competent jurisdiction, and the question of corporate existence cannot properly be raised in a prohibition proceeding, which seeks to restrain the action of the superior court in appointing a receiver in excess of its jurisdiction.

*Original Application for Prohibition.*

*Binkley, Taylor & McLaren,* and *Graves, Wolf & Graves,* for relators.

*Cyrus Happy,* for respondents.

The opinion of the court was delivered by

ANDERS, J.— On September 5, 1896, the prosecuting attorney of Spokane county, upon his own relation, filed an information in the superior court of that county against Simon Oppenheimer and others, in-

cluding the relator herein, alleging that the defendants were acting as a corporation within this state, under the name and style of the Northwestern Milling & Power Company, without being legally incorporated, and setting up certain facts showing that they had failed to comply with the law in relation to corporations and had no right to act as a corporation within the state, and praying, among other things, for the appointment of a receiver of the property, effects and assets held, or at any time claimed to be held, by said alleged corporation, with the usual powers of receivers in such cases.   Upon the filing of the information, the court, pursuant to the prayer of the relator, appointed one Fowle as receiver of the property described therein.   By the terms of the order all persons in possession of any of said property were commanded to deliver the same to the receiver so appointed, " in fear of the pains and penalties attached to the contempt of this court, upon whatever pretense of authority, court or judicial action, such persons may claim the right to, or interest in, the premises, and any person or persons asserting any lien or claim to or interest therein are hereby remanded to this court herein for the assertion or protection of any alleged claim or rights in the premises."

The relator herein, claiming to be in possession of certain of the property over which the receiver was appointed, and of which he was directed to take possession, and claiming to hold the same as a purchaser at a judicial sale under a decree of the superior court of Spokane county, appeared specially by counsel and suggested to the court that the order for a receiver was void and of no effect in so far as it directed the receiver to take possession of the property alleged in

the information to have been transferred to the Northwestern Milling & Power Company by the Spokane Water Power Company, on May 20, 1895, and thereafter, by said company, mortgaged to the relator herein, and by it purchased at a sale on foreclosure of said mortgage, for the reason that the relator was not a party to the suit in which the receiver was appointed, save by virtue of its being an alleged stockholder in said alleged corporation, and in this action could not plead and protect its rights as owner of said property, or be heard in respect thereto; that it was entitled to the possession thereof pending the time for redemption, under the laws of this state, and could not be divested thereof save by judicial proceedings instituted for that purpose, and that a receiver could not be appointed without notice.

The court declined to vacate or modify the order appointing the receiver as requested, or in any manner whatsoever. The relator thereupon applied to this court and obtained therefrom an alternative writ of prohibition directed to said superior court and Hon. NORMAN BUCK, judge thereof, commanding it and him to desist and refrain from any further proceedings in the matter of the appointment of said receiver, so far as it relates to the property described in the writ, or so far as the same relates to this relator, until the further order of this court, and to show cause before this court, at a specified time, why they should not be absolutely prohibited and restrained from further proceeding in said matter. Upon the return day of the writ the respondent, the superior judge, appeared specially by counsel and moved the court to vacate the alternative writ heretofore issued and to dismiss this proceeding, on various grounds, the prin-

cipal one of which is that this court is without juris-
diction herein.

It is earnestly contended on behalf of the respond-
ent that, under the constitution and laws of this state;
the superior court had exclusive jurisdiction of the
action instituted therein by the prosecuting attorney,
and was fully authorized to appoint a receiver therein,
and that this court had no power or authority to in-
terfere with, or control, the action of the superior
court in respect thereto.   That the superior court had
jurisdiction of that action must be conceded, and if it
had authority to make the order complained of, the
respondent's contention must prevail, even though
this court has jurisdiction generally to issue writs of
prohibition, for this court would, under no circum-
stances, undertake to interfere with the lawful acts of
a subordinate tribunal.

The first question for our determination is whether
this court has jurisdiction of the matter now before it.
In § 4 of art. 4 of the state constitution, it is provided
that:

"The supreme court shall have original jurisdiction
in *habeas corpus* and *quo warranto* and *mandamus* as to
all state officers, and appellate jurisdiction in all
actions and proceedings, excepting that its appellate
jurisdiction shall not extend to civil actions at law for
the recovery of money or personal property when the
original amount in controversy or the value of the
property does not exceed the sum of two hundred dol-
lars ($200), unless the action involves the legality of a
tax, impost, assessment, toll, municipal fine, or the
validity of a statute.   The supreme court shall also
have power to issue writs of *mandamus*, review, prohi-
bition, *habeas corpus, certiorari*, and all other writs
necessary and proper to the complete exercise of its
appellate and revisory jurisdiction.   . . ."

And in § 6 of the same article it is provided that:

"The superior court shall have original jurisdiction in all cases in equity, and in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll or municipal fine, and in all other cases in which the demand or the value of the property in controversy amounts to $100, and in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for by law. . . . The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court. . . Said courts and their judges shall have power to issue writs of *mandamus, quo warranto,* review, *certiorari,* prohibition and writs of *habeas corpus,* on petition by or on behalf of any person in actual custody in their respective counties. . . ."

It thus appears that the jurisdiction of the supreme court and of the superior courts of this state is expressly defined by the constitution, and reference must therefore be had to that instrument in order to determine the question of jurisdiction in any particular case; and it will be observed that by the terms of the constitution both this court and the superior courts are empowered to issue writs of prohibition.

But it is claimed on behalf of the respondent that the supreme court can issue such writs only when necessary to the exercise of its appellate jurisdiction. This contention of the respondent seems to be based upon the assumption that the very language of the constitution, "all other writs," etc., clearly shows an intention to limit the power, granted to this court in the preceding portion of the sentence, to issue writs of prohibition, to cases where such writs are necessary to the exercise of its appellate power. If that be true, the power granted to this court in that regard is of little or no practical value, for it is difficult to conceive

a case in which it would be necessary to issue the writ
solely for that purpose.    Indeed, it has been held, and
not without reason, that the granting a writ of prohi-
bition is not the exercise of appellate jurisdiction, nor
in aid of such jurisdiction.    *Memphis v. Halsey*, 12
Heisk. 210; High, Extr. Legal Remedies, (2d ed.),
§ 785a.

But we do not think that the words referred to were
intended to restrict or limit the power to issue the
writs specifically mentioned, but rather to confer upon
the supreme court the additional power to issue all
other writs, whatever they may be, which may be
necessary to the complete exercise of its appellate and
revisory jurisdiction.

Under a provision of the constitution of California,
relating to prohibition, which the framers of our con-
stitution substantially copied, the supreme court of
that state, so far as we have been able to ascertain, has
always held that it had the power by prohibition to
restrain the superior courts from proceeding in mat-
ters over which they have no jurisdiction, as well as
to prevent them from proceeding in excess of their
jurisdiction; and the decisions of that court constru-
ing this provision of the constitution are especially
entitled to the favorable consideration of this court.
In fact, it may, and probably should, be presumed that
the construction placed upon the provision of the con-
stitution now under consideration by that court was
adopted by the framers of our own constitution.
Black, Interpretation of Laws, p. 32.

Section 4 of art. 6 of the constitution of California,
after defining the powers of the supreme court, pro-
ceeds as follows:

"The court shall also have power to issue writs of

*mandamus, certiorari,* prohibition and *habeas corpus,* and all other writs necessary or proper to the complete exercise of its appellate jurisdiction." Deering's Political Code, Title "Constitution."

Under that provision, and a statute relating to the office of prohibition similar to ours, the supreme court seems never to have hesitated to prohibit the superior courts from proceeding without, or in excess of, their jurisdiction. Among the numerous decisions of that court wherein this question is more or less discussed we need cite only the following: *Maurer v. Mitchell,* 53 Cal. 289; *Camron v. Kenfield,* 57 Cal. 550; *Farmers' Union v. Thresher,* 62 Cal. 407; *Hobart v. Tillson,* 66 Cal. 210 (5 Pac. 83); *Havemeyer v. Superior Court,* 84 Cal. 327 (18 Am. Rep. 192, 24 Pac. 121).

The last of the above cited cases is particularly instructive as to the question of the purpose and office of the writ of prohibition. Entertaining the same views as to the jurisdiction and power of this court with reference to the remedy of prohibition that are held by the supreme court of California, we have in numerous instances issued the writ where the object sought to be attained was the prevention of unauthorized acts on the part of the superior courts, and the practice of this court in that regard must now be deemed settled.

The objection to the jurisdiction of this court is not well taken. Nor do we think that the alternative writ fails to state facts entitling the relator to relief. Some other objections to the writ are made by the respondent, but as they do not relate to the jurisdiction of this court, but refer to matters which might be cured by amendment, we will not now stop to consider them in detail, but will proceed to the consideration of the

question whether the writ was properly issued in this instance.

The statute (Laws 1895, §§ 29 and 30, p. 119), provides:

"Sec. 29. The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person.

"Sec. 30. It may be issued by any court except police or justice's courts, to an inferior tribunal, or to a corporation, board or person, in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It is issued upon affidavit, on the application of the person beneficially interested."

And the question then is, whether or not the superior court, in appointing a receiver in the *quo warranto* proceeding, proceeded "without or in excess of its jurisdiction." If it did, it should be prohibited from taking any further action therein, and especially from enforcing the order complained of.

As justifying the action of the superior court, the respondent relies on subdivisions 3 and 5 of Sec. 326, of the Code of Procedure. But, in our opinion, those provisions are inapplicable here, for the reason that there is a special provision of the code with reference to the appointment of receivers in actions like that in which this receiver was appointed, by which the courts should be governed. We refer to § 689, which is as follows:

"If judgment be rendered against any corporation, or against any persons claiming to be a corporation, the court may cause the costs to be collected by executions against the persons claiming to be a corporation, or by attachment against the directors or other

officers of the corporation, and shall restrain the corporation, appoint a receiver of its property and effects, take an account and make a distribution thereof among the creditors. The prosecuting attorney shall immediately institute proceedings for that purpose."

And it would seem reasonably plain from this provision that the superior court had no right or power to appoint a receiver before trial and judgment in the action instituted on behalf of the state. The sole object of the action was to dissolve an alleged corporation, or at least, to exclude the defendants from corporate rights and franchises, and no judgment could be rendered therein except that prescribed by § 688 of the code. The state had no interest or right whatever in or to the property of the defendants, and the court had no authority, under the general provisions of the statute referred to by the respondent, or by virtue of any supposed equity power vested in it, to take property from the possession of the defendants, or either of them, and place it in the hands and under the control of a receiver. After such a judgment has been rendered against the defendants as is provided for by § 688, proceedings may be instituted by the prosecuting attorney by virtue of § 689, in which it may be proper to appoint a receiver to take an account and distribute the property of the alleged corporation among its creditors, if any it may have. But, pending the action in the superior court, the defendants, so far as the state is concerned, have the same right to possess and manage their property that they had before the institution of the suit against them by the prosecuting attorney. "Property rights cannot be confiscated by the state" in such an action as is now being waged in the superior court. 2 Morawetz, Private Corporations (2d ed.), § 1033.

Nor, on the same principle, can such rights be suspended or interfered with except by express authority of law, and therefore the point made by the respondent that the superior court at least had power to appoint a receiver temporarily cannot be sustained.

In addition to the motion or demurrer which we have above considered, the learned superior judge filed an answer in which he denies any knowledge or information sufficient to form a belief as to whether the relator is a foreign corporation, or as to whether it has complied with the laws of this state relating to foreign corporations, so as to be entitled to transact business in the state. He thus seeks to put in issue the corporate existence of the relator, and, having done so, claims, first, that until the question thus raised is determined, the relator has no standing in this court; and second, that this court cannot determine the question without prejudging a matter to be litigated in the action now pending in the superior court of Spokane county. Now, the only effect that issue could have on the present proceeding would be to postpone its further consideration until after the trial in the superior court. It can neither discharge the alternative writ heretofore issued, nor impair its force or effect upon the defendants, and the only object of the writ is to prevent the further action of the court in the matter of the appointment of a receiver, during the pendency of the action now before the court. The question, therefore, according to our view of the law applicable to this particular case, is not so essential to the determination of this application as to require this court, in its discretion, to refer it to a jury, or even to await the rendition of judgment in the superior court, before proceeding further. Laws 1895, § 21, p. 118.

The statute provides that the writ of prohibition is issued on the application of the person beneficially interested, and it seems plain to us that the relator, whether it is a *de jure* or only a *de facto* corporation, is sufficiently interested to be entitled to the possession of its property until deprived of it by a proper proceeding in a court of competent jurisdiction.

Some other minor questions of fact are sought to be raised by the answer, but what we have already said completely disposes of them.

As it appears to us that the relator is entitled to the benefit of the writ, and that it has no other plain, speedy and adequate remedy in the ordinary course of law, it follows that the peremptory writ should issue, and it is so ordered.

HOYT, C. J., and SCOTT, J., concur.