STATE ex rel. SCHARNIKOW, Relator, *v.* HOGAN, Respondent.

[No. 1612.]

STATE ex rel. KENNEDY et al., Relators, *v.* MARTIN, Respondent.

[No. 1615.]

[Submitted October 15, 1900.   Decided October 16, 1900.]

*Prohibition — Writ to Prevent Ministerial Acts — Supreme Court — Original Jurisdiction — Statutory Construction — Elections.*

1. Section 579 of the First Division of the Compiled Statutes of 1887 provides that the writ of prohibition is the counterpart of the writ of mandate, and arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person. *Held,* that such provision did not enlarge the common- aw office of the writ so as to permit its use to arrest proceedings not of a judicial, but merely of a ministerial character.

2. Constitution, Article VIII, Section 3, confers power on the Supreme Court to issue and to hear and determine writs of prohibition. Code of Civ. Proc., of 1895, Section 1980, provides that the writ of prohibition is the counterpart of the writ of mandate, and arrests the proceedings of any tribunal, corporation, board or person, "whether exercising functions judicial or ministerial," when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person. An application was filed in the Supreme Court for a writ of prohibition to prevent the secretary of state from certifying a certain person as a candidate for a judicial office, and an application for a separate writ to prevent a county clerk from printing the names of certain persons on the official election ballot. *Held,* that the Supreme Court had no jurisdiction to issue the writs, since its original jurisdiction in such cases is confined to arresting proceedings of a judicial character.

*Obiter:*—Nothing in this opinion contained is to be understood as denying to the district courts jurisdiction, under Section 11 of Article VIII of the Constitution, of the writ of prohibition defined by Section 1980 of the Code of Civil Procedure of 1895.

APPLICATION by the State, on relation of Edward Scharni-kow, for a writ of prohibition to prevent Thomas S. Hogan, secretary of state, from certifying the name of Welling Nap-ton as candidate for judge of the Third judicial district; and application by the state, on relation of J. M. Kennedy and others, for a writ of prohibition to prevent Martin Martin, county clerk of Deer Lodge county, from printing certain names in the column headed ''Democratic'' on the official ballot. Both applications were considered together. Proceedings dismissed.

*Mr. N. W. McConnell, Mr. T. O'Leary* and *Mr. J. B. Clayberg*, for Relators.

*Mr. T. J. Walsh*, for Respondents.

**MR. JUSTICE PIGOTT** delivered the opinion of the Court.

These are original proceedings in this Court. In No. 1,612 it appears that a certificate of the nomination of the relator as the candidate of the Democratic party for the office of Judge of the District Court of the Third judicial district of the state of Montana was duly filed with the secretary of state, and that a certificate of the nomination of one Welling Napton as the candidate of the Democratic party for said office was also duly filed with the secretary of state. Both certificates were filed under the provisions of Sections 1312 and 1316 of the Political Code. By Section 1317 of the Political Code, the secretary of state must certify to the county clerk of each county within which any of the electors may be entitled to vote for candidates for such office the name and description of each person nominated, as specified in the certificates of nomination filed with him. The secretary of state threatens to certify both of the nominations to the clerks and recorders of Deer Lodge and Granite counties, these counties comprising the Third judicial district of Montana, and it is sought to prevent him from so certifying the nomination of Mr. Napton.

In No. 1,615 the relators seek, by the writ of prohibition

of this Court, to prevent the county clerk and recorder of Deer Lodge County, Montana from printing in the column headed "Democratic," upon the official ballot to be prepared by him for use at the general election in Deer Lodge County, to be held on the 6th day of November, 1900, the names of the persons nominated by a Democratic convention of that county held on the 17th day of September, 1900, and certificates of whose nominations were duly filed with the county clerk within the time prescribed in Section 1316, *supra*.

An alternative writ of prohibition was issued in each proceeding. It is now suggested that this Court is without jurisdiction in the premises.

☐Except as otherwise provided in the Constitution, this Court has appellate jurisdiction only. (Section 2 of Article VIII of the Constitution); it has power in its discretion, to issue, and to hear and determine, writs of prohibition. (Section 3 of Article VIII of the Constitution). At the time the Constitution was adopted, Chapter III of Title XIII of the First Division of the Compiled Statutes of 1887 was in effect, Section 579 whereof provided that "the writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without, or in excess of, the jurisdiction of such tribunal, corporation, board or person." This section did not enlarge the common-law office of the writ so as to permit the arrest of proceedings not of a judicial character. *Mandamus* lies to *compel* the performance of a *ministerial* duty, whereas, under Section 579, prohibition *arrests judicial* action in proceedings which are without or in excess of the power to hear and determine; and in this sense prohibition is the counterpart or opposite of *mandamus*. (*State ex rel. B. & M. C. C. & S. M. Co.* v. *Second Judicial District Court*, 22 Mont. 220, 56 Pac. 281; *Maurer* v. *Mitchell*, 53 Cal. 289). We are aware that in *Williams* v. *Lewis*, 54 Pac. 619, the Supreme Court of Idaho entertained a different view of the provisions of a statute identical with Section 579, *supra*, but we decline to approve it.

Such was the condition when the Constitution was adopted in 1889. In 1895, Section 579, *supra*, was supplanted by Section 1980 of the Code of Civil Procedure of that year, which reads: "The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person;" and it may be argued that by virtue of the change worked by means of the incorporation of the words, "whether exercising functions judicial or ministerial," the Supreme Court possesses the right to issue the writ of prohibition to an officer exercising ministerial functions only. Although, as was held in *State ex rel. B. & M. C. C. & S. M. Co.* v. *Second Judicial District Court*, *supra*, the section as it now stands does not change the scope of the writ so as to permit proceedings to be arrested unless they are without or in excess of the jurisdiction, yet, manifestly, the words quoted, have expanded the office of the writ so as to include acts other than those judicial. The section does not, however, add to the jurisdiction of this Court, whatever effect it may be deemed to have upon proceedings cognizable in the district courts. The Constitution clothes this Court with power to issue, and to hear and determine, writs of prohibition in proceedings wherein the writs lay at the time the Constitution was adopted, and the act of the legislative assembly passed subsequently thereto could not confer upon the Supreme Court jurisdiction of proceedings in prohibition instituted to arrest the exercise of functions by a mere ministerial officer. (*Camron* v. *Kenfield*, 57 Cal. 550; *People* v. *Board of Election Commrs.*, 54 Cal. 404; *Spring Valley Water Works* v. *Bartlett*, 63 Cal. 245). There may have been instances, as in *Pigott* v. *Board of Canvassers*, 12 Mont. 537, 31 Pac. 536, and *Donovan* v. *State Capitol Commission*, 21 Mont. 344, 53 Pac. 1133, in which the attention of this Court was not called to the principles here announced.

Nothing in this opinion contained is to be understood as

denying to the district courts jurisdiction, under Section 11 of Article VIII of the Constitution, of the writ of prohibition defined by Section 1980, *supra*; nor as intimating a doubt of the jurisdiction of the Supreme Court on appeal from judgments and from orders made by district courts in proceedings instituted under that section.

The several alternative writs of prohibition are therefore set aside, and the proceedings dismissed for lack of jurisdiction.

*Dismissed.*

MR. JUSTICE WORD, being a nominee of the Independent Democratic Party of Montana, did not hear the argument, and does not participate in the decision of these cases.