[No. 3792. Decided April 10, 1901.]

RICHARD WINSOR et al., as Board of Regents of the University of Washington, v. ROBERT BRIDGES et al., as Board of State Land Commissioners.

SUPREME COURT — ORIGINAL JURISDICTION — WRIT OF PROHIBITION — CONSTRUCTION OF CONSTITUTION.

Art. 4, § 4, of the state constitution, conferring original jurisdiction upon the supreme court to issue the writ of prohibition, must be construed in the light of the law defining the writ of prohibition which was in force at the time of the adoption of the constitution; and the law then in force having restricted the writ to its common-law function for the restraint of unauthorized judicial or *quasi judicial* power, the original jurisdiction of the supreme court is not extended to include ministerial and administrative acts by Bal. Code, § 5769, which provides that the writ of prohibition shall arrest the proceedings of any tribunal, corporation, board, or person, when such proceedings

are without or in excess of the jurisdiction of such tribunal, corporation, board, or person. Original jurisdiction to restrain such acts is in the superior court.

*Original Application for Prohibition.*

*Clise & King* (*John P. Hoyt* and *Richard Winsor*, of counsel), for relators.

*Thomas M. Vance* and *Byron Millett*, for respondents.

The opinion of the court was delivered by

WHITE, J.—This is an original proceeding begun in this court by the board of regents of the University of Washington against the board of state land commissioners of the state of Washington. It is an application for a writ of prohibition, commanding the board of·state land commissioners to desist and refrain from selling, or attempting to sell, or from leasing, or attempting to lease, a tract of land in the city of Seattle conveyed by Arthur A. Denny and others to the territory of Washington as a site for the University of Washington, and subsequently conveyed by quit claim deed to the state of Washington, to be sold for the best interest of the state university. The affidavit sets forth that the board of regents of the state university are in possession of said land, and are using part of it for university purposes; that they have deemed it their duty to lease a portion of the land not occupied for university purposes, and for that purpose have called for bids, and have accepted bids; and they are about to lease such portion on terms which are set out in the affidavit. The affidavit further sets out that the board of state land commissioners threaten to sell the land or lease the same at public auction for a term of five years or less, under the laws relating to the leasing and sale of school and granted lands of the state, and it is set forth in the affidavit that the board of state land commissioners have no

authority under the law to do the acts they threaten to do, and, further, that the sole authority to sell or lease said land is vested in the board of regents of the University of Washington.

Section 4, article 4, of the state constitution, defining the jurisdiction of this court, provides that

"The supreme court shall have original jurisdiction in *habeas corpus* and *quo warranto* and mandamus as to all state officers, and appellate jurisdiction in all actions and proceedings, excepting . . . The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and all other writs necessary and proper *to the complete exercise of its appellate and revisory jurisdiction.* . . ."

Under this provision of the constitution, the authority of this court to issue the writ of prohibition, except where it is necessary to the complete exercise of its appellate and revisory jurisdiction, may well be doubted, and, but for a different rule announced in *State ex rel. Amsterdamsch Trustees Kantoor v. Superior Court,* 15 Wash. 668 (47 Pac. 31, 37 L. R. A. 111), we would be inclined to so hold. In *State ex rel. White v. Board of State Land Commissioners,* 23 Wash. 700 (63 Pac. 532), we followed, as to the question of original jurisdiction, the rule laid down in *State ex rel. Amsterdamsch Trustees Kantoor v. Superior Court, supra.* In *State ex rel. White v. Board of State Land Commissioners, supra,* we held that the writ of prohibition meant by § 4, art. 4, of the constitution, was practically the common-law writ, and its purpose was to restrain the exercise of unauthorized *judicial or quasi judicial power,* and that it might be invoked against any court, or body of persons, board, or officers, assuming to exercise such power; that, to warrant granting the writ to any organized body other than a court, it is necessary that the acts sought to be prohibited be *purely judicial,* and not execu-

tive, administrative, or legislative. We are satisfied that the views there expressed are correct. The legislature, in 1895, in providing for special proceedings, enacted that:

"The writ of mandamus may be denominated a writ of mandate." Bal. Code, § 5754.

"It may be issued by any court, except a justice's or a police court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person." Bal. Code, § 5755.

"The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." Bal. Code, § 5769.

This statutory writ of prohibition is broader in its purposes than the writ of prohibition at common law, and by it the proceedings of any tribunal, corporation, board or person, whether they are acting in a judicial, legislative, executive, or administrative capacity, may be arrested, if acting in excess of their power. *Williams v. Lewis,* (Idaho) 54 Pac. 619. When the constitution was framed the Code of Washington Territory, §§ 698 and 699, read:

"The writ of prohibition shall command the court *or* party to whom it shall be directed, to refrain from any further proceedings in the matter therein specified, until the return of the writ and the further order of the court thereon, and upon the return, to show cause why they shall not be absolutely restrained from further proceeding in the matter.

"The court shall render judgment either that a prohibition absolute, restraining the court and party proceeding in the matter, do issue, or authorizing the court and party to proceed in the matter in question."

From the context the words "court *or* party," in § 698, should read "court and party," which substantially defines the writ as it existed at common law. When the constitution of Idaho was adopted, a law verbatim with § 5769, Bal. Code, *supra,* was in force in that territory, and had been in force for fifteen years. The supreme court of that state say:

"By section 1851, Rev. St. U. S., the legislative power of the territories was declared to extend to all rightful subjects of legislation, not inconsistent with the constitution and laws of the United States. The defining of the functions of the writ of prohibition was a rightful subject of legislation. The original jurisdiction of the supreme court of the state is defined in section 9 of article 5 of the constitution in almost the exact words of section 3816, Rev. St. Idaho. The men who formulated the constitution were familiar with the provisions of the statute. The supreme court of California (*Camron v. Kenfield,* 57 Cal. 550) say: 'The new constitution was framed in view of the construction of the language used in the former constitution, unanimously concurred in by the members of the highest tribunal of the state; yet the framers of the present constitution repeated the words employed in the former. We are forced to the conclusion that they used these words in the sense which had been attributed to them by the supreme court.' We may conclude with equal confidence that the framers of the constitution of Idaho, in defining the functions of the writ of prohibition, did so with a full knowledge of the character and functions of the writ, as the same were defined in the statutes of Idaho then existing, and which had been in force in the territory of Idaho for 15 years at least prior to the adoption of the constitution. While it is true there had been no consideration of the question by the supreme court of the territory, we think it may reasonably be presumed that the members of the constitutional convention were as well advised as to the general legislation of the territory as they were to the decisions of its supreme court. The constitution expressly continues in force all laws of the

territory which are not repugnant to the constitution. It will hardly be contended, we apprehend, that the provisions of sections 4994 and 4995 are repugnant to the constitution. As the law defining the functions of the writ of prohibition preceded the constitution by some 15 years, and such law was continued in force by express provision of the constitution, we are, as expressed by the supreme court of California, 'forced to the conclusion' that, in providing for the issuance of the writ of prohibition in section 9 of article 5 of the constitution, they intended the writ then existing under the laws of the territory, and with the functions therein declared and defined." *Williams v. Lewis,* 54 Pac. 620.

We think the reasoning of the supreme court of Idaho is sound, and, applying the same principle here,—for the same provision continuing in force all laws of the territory which were not repugnant to the constitution is in our constitution,—it follows that the writ, as defined by our constitution, is the writ as it existed at common law, and it certainly possessed no greater functions than ascribed to it in *State ex rel. White v. Board of State Land Commissioners, supra.*

In Montana, where the same question arose under exactly the same circumstances as existed in Idaho, the supreme court of the former state refused to go to the extent of the Idaho court in holding that the statute enlarged the office of the writ so as to permit the arrest of proceedings not of a judicial character. That court say:

"Except as otherwise provided in the constitution, this court has appellate jurisdiction only. Section 2, art. 8, Const. It has power, in its discretion, to issue, and to hear and determine, writs of prohibition. Section 3, Id. At the time the constitution was adopted, chapter 3 of title 13 of the first division of the Code of Civil Procedure (Comp. St. 1887) was in effect, section 579 whereof provided that 'the writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tri-

bunal, corporation, board, or person, when such proceedings are without, or in excess of, the jurisdiction of such tribunal, corporation, board or person.' This section did not enlarge the common-law office of the writ so as to permit the arrest of proceedings not of a judicial character. Mandamus lies to compel the performance of a ministerial duty, whereas, under section 579, prohibition arrests judicial action in proceedings which are without or in excess of the power to hear and determine, and in this sense prohibition is the counterpart or opposite of mandamus. *State v. Second Judicial District Court,* 22 Mont. 220, 56 Pac. 219; *Maurer v. Mitchell,* 53 Cal. 289. We are aware that in *Williams v. Lewis,* 54 Pac. 619, the supreme court of Idaho entertained a different view of the provisions of a statute identical with section 579, *supra,* but we decline to approve it." *State ex rel. Scharnikow v. Hogan,* 24 Mont. 379 (62 Pac. 493).

If we adopt the view of the Montana court, the same result follows, because that court held that the common-law office of the writ was not enlarged by the statute. The board of state land commissioners assume the right to discharge the purely executive or administrative function of leasing or selling certain lands belonging to the state, and we are asked to arrest their action in this respect. At common law, or under the purposes of the writ as defined in *State ex rel. White v. Board of State Land Commissioners,* the writ here asked for cannot be issued originally out of this court to restrain such action, unless we hold that the act of 1895 confers jurisdiction upon this court. The act of 1895 (title 32, p. 1601, Bal. Code), aims also to regulate the practice generally in certiorari, mandamus, and prohibition proceedings. We have no doubt that the legislature has the power to regulate the practice in such proceedings, so that the remedy is substantially preserved. The legislature has not the power, however, to create additional remedies under the name of such writs, and confer thereby on this court original jurisdiction for the en-

forcement of such remedies.    The original jurisdiction
of this court is fixed by constitutional limitations, and is
derived from the constitution, and not in pursuance of
any legislative enactment.    In the case of *Marbury v.*
*Madison,* 1 Cranch, 157, the supreme court of the United
States decided that such court derived its jurisdiction from
the United States constitution; that it was not within the
power of Congress to confer further or additional juris-
diction upon that court.    The distinction drawn between
the federal and state governments in matters of legislation,
that the former is one of delegated powers, while the latter
is one of limitations,    does not affect the reasoning in
*Marbury v. Madison, supra,* as applicable to the case at
bar, that this court's original jurisdiction must be meas-
ured by the constitution of the state from which it derives
its existence and power.    See, also, *State v. Hogan, supra.*
The superior court has jurisdiction over "such special
cases and proceedings as are not otherwise provided for."
Article 4, § 6, of the constitution.    While it is provided
in the same section that the superior court has jurisdiction
to issue writs of prohibition, meaning, undoubtedly, the
common-law writ, there is nothing in the constitution for-
bidding the legislature, in the exercise of its legislative
powers, from providing a proceeding analogous to the writ
of prohibition, and making the same applicable in arrest-
ing executive, administrative, or legislative action by tri-
bunals, corporations, boards, or persons.    But when this
is done the original jurisdiction to issue such writs is in
the superior court, under the clause above quoted from
§ 6, art. 4, of the constitution, and in such matters this
court can only exercise appellate jurisdiction.    In Califor-
nia it has been held that the legislature, under provisions
of a constitution similar to our own, could not enlarge or
extend the office of the writ of prohibition so as to include

ministerial functions; the reason assigned being that, because the constitution specified such writ, the common-law writ was intended, and every other character of the writ was thereby necessarily excluded. *Farmers' Union v. Thresher,* 62 Cal. 407; *Hobart v. Tillson,* 66 Cal. 210 (5 Pac. 83).

The same question came up in Utah under the organic act conferring on the legislature power to legislate on all rightful subjects of legislation. The territorial court say:

"The district courts have general common-law and chancery jurisdiction, and that covers about everything of a civil or criminal nature not expressly committed to some other tribunal; *Ferris v. Higley,* 20 Wall. 375. We can readily see that this general jurisdiction would embrace the common-law writ of prohibition, and that the legislature could in no way deprive the district courts of such jurisdiction. But the legislature, in pursuance of its authority given by the organic act to legislate upon all 'rightful subjects of legislation,' has seen fit, and has the undoubted right, as occasions arise, to create new offenses, new subjects for judicial investigation, and new ways and means to enforce the authority of the courts and officers, and we can see no reason to conclude that the giving of additional power to the writ of prohibition was not a 'rightful subject of legislation.' " *People v. House,* 4 Utah, 369 (10 Pac. 838); *State v. Hogan, supra.*

The construction given by the California court, it seems to us, is too narrow and technical.

We conclude that original jurisdiction to issue the statutory writ of prohibition against the board of state land commissioners to arrest their contemplated action in selling or leasing the lands in controversy is in the superior court, and not in this court, and we have no original jurisdiction in the premises, and for that reason we will not pass on the merits of the application. These can only be inquired into on appeal. The writ should be denied, for

lack of original jurisdiction, and these proceedings dismissed.

REAVIS, C. J., and DUNBAR, FULLERTON and ANDERS, JJ., concur.