ALLEN, Chief Judge.
The appellant was charged with a violation of § 811.021, Florida Statutes, F.S.A., by an information filed on November 24, 1958. An amended information was filed on December 9, 1958, which also charged in two counts violations of § 811.021, Florida Statutes, F.S.A. The second count was nolle prossed at the close of the State’s case. The first count charged appellant with converting property of Quadro Corporation to his own use, to-wit: money of the value of more than $100.
*451 The State, during the trial, introduced a document entitled “Brokerage Agency Agreement,” dated August 27, 1958, as a part of the State’s case. This agreement was between Quadro Apartments, Inc. and J. R. Nunamaker, the appellant. The main basis of the appellant’s appeal is that Quad-ro Apartments, Inc., designated in the exhibit above mentioned, and Quadro Corporation, whose property is alleged to have been converted, are separate corporations and, second, that Quadro Corporation, according to a certificate of the Secretary of State, was not incorporated under the laws of the State of Florida until September 12, 1958, which was subsequent to the date of the alleged misappropriation by the defendant.
No objection was raised by the defendant as to the corporate ownership of the property during the trial of this case below. Even if such objection had been raised below, it would not have been a valid ground for an objection on this appeal, except as a challenge by the State itself. Because, for all practical purposes, a de facto corporation can own property as can a de jure corporation. Thus, at the time of the misappropriation in this case, even though Quadro Corporation may not have been incorporated in Florida, it could have owned property as a de facto corporation and could have protected such property the same as could a de jure corporation. See 13 Am.Jur., Corporations, § 47 and § 48; State ex rel. Amsterdamsch Trustees Kantoor v. Superior Court, 15 Wash. 668, 47 P. 31, 37 L.R.A. 111; People v. Dole, 122 Cal. 486, 55 P. 581.
The evidence in this case shows that appellant was to procure a loan for Quadro Corporation. Pursuant to the contract or agreement, a check was drawn by the corporation and issued to the appellant in the amount of $2,700. No loan was ever negotiated by the appellant. Testimony shows that the appellant dealt with the only president of the Quadro Corporation, also the appellant acknowledged in his own handwriting and signature the termination of his employment as agent for the Quadro Corporation.
William A. Wáas testified that he served as president of Quadro Corporation from its inception and was serving in that capacity during March, 1958. Thereupon he identified “State’s Exhibit A” subsequently introduced into evidence as “State’s Exhibit 1,” as the document which they signed retaining Nunamaker for the purpose of obtaining a loan to the corporation. This exhibit was not objected to by the defense other than a request by the defense to see the exhibit before it was introduced into evidence. Waas continued his testimony and stated that this agreement was signed by Mrs. Atkinson, the secretary of the corporation; by the defendant, Nunamaker, and by himself.
This exhibit entitled “Brokerage Agency Agreement,” provided that the agent, Nuna-maker, was an exclusive agent to obtain a mortgage loan commitment; that Nuna-maker was to receive certain specified commissions dependent upon whether or nol the loan was obtained; and also provided in paragraph 2:
“The period of the exclusive agency shall commence with the signing of this agreement to run * * * and thereafter until the applicant cancels this exclusive agency by giving the agent written notice of cancellation (Emphasis added.)
Waas further testified that pursuant to the above agreement he executed a corporation check identified as “State’s Exhibit B” subsequently introduced into evidence as “State’s Exhibit No. 2,” payable to Nuna-maker; that the defendant never negotiated • the loan for Quadro Corporation; that the contract with defendant was terminated by Quadro Corporation, as per the agreement, by a letter identified as “State’s Exhibit C” subsequently introduced into evidence as “State’s Exhibit No. 3”; and that this letter informed the defendant that his efforts were no longer required in obtaining *452 the loan. Waas concluded his testimony by stating that the monies obtained by Nuna-maker from the $2,700 check were funds of the Quadro Corporation.
Although the defendant did not object to the introduction into evidence of “State’s Exhibit No. 1,” it is now contended on appeal that “State’s Exhibits No. 2 and No. 3” were improperly permitted into evidence over defendant’s objections on the grounds that they were highly prejudicial and irrelevant. In explaining this contention, the defendant points :out that the original agreement was between the defendant and “Quadro Apartments, Inc.” whereas the information charges the defendant with larceny while an agent of “Quadro Corporation.” In disposing of this contention of the defendant, we note that the defendant did not object to this agency agreement when submitted into evidence, nor at any time during the trial did the defendant question the agency relationship. Moreover, as can be seen from the testimony and evidence introduced, the defendant at all times acted as the agent of Quadro Corporation. Thus, the agency relationship having been established, “State’s Exhibit No. 2” was admissible to prove that the defendant had in his possession the money of Quadro Corporation. After having established this fact, it would logically follow that the letter of termination was admissible to show that the agency relationship had ended, and that the defendant was then under a duty to return the funds to the corporation.
Mrs. Verne Atkinson testified that she was secretary of the Quadro Corporation ; that no loan was ever secured by the defendant for the Quadro Corporation; that of the $2,700 placed in the hands of the defendant by the Quadro Corporation only $1,100 was returned; that this was returned to the Quadro Corporation 'after the signing of the letter which concluded the contract; that “State’s Exhibit C” is a termination of a contract by Mr. Nunamaker. There was also introduced in evidence the following letter:
“Mr. Richard Nunamaker
Pompano Beach, Florida
“Re: Quadro Corporation
“Dear Mr. Nunamaker :
“Sometime ago you offered to secure a first mortgage loan for Quadro Corporation on a certain co-operative apartment building to be constructed in Pompano Beach, Florida.
“We are informed that you submitted the loan to W. G. Mathes, Inc., and we have been informed that Mathes did not agree to make the loan.
“Because time is of the essence, we are proceeding to attempt to secure financing ourselves. Accordingly, you will cease any or all efforts to secure subject loan, and return to said corporation funds which were delivered to you.
“Thank you for your efforts on our behalf.
“Very truly yours,
William A. Waas, Jr.
President
Quadro Corporation”
At the bottom of the letter, referring to “State’s Exhibit C,” in longhand, reads the following:
“Received 10/2/58 Richard Nuna-maker. Terminated this date as per contract agreement.”
Mrs. Atkinson further testified:
“Q. I believe you testified that you got some funds back. A. Eleven hundred dollars.
“Q. Now did you ever get the remainder of the funds back? A. No sir.
“Q. Was the remainder of the funds ever returned to Quadro Corporation? A. No sir.
“Q. Have you ever asked the defendant for the funds? A. Yes sir.
*453 “Q. What did he say ? A. He said he spent the money, he asked for ten days to raise the money, which we granted, and at the end of ten days there was no word from him or his attorney, or anything.
“Q. As of this date have the funds been returned to the corporation? A. No sir.”
Other witnesses testified as to the purpose of the $1,100 check and the purpose of the other funds that were included in the money paid to Nunamaker and since no loan was secured, the funds were due to be returned to Quadro Corporation.
Other questions were presented by the appellant, which we do not deem it necessary to pass on.
No error appearing in this case, the lower court is affirmed.
Affirmed.
SHANNON, J., and SPOTO, I. C., Associate Judge, concur.