BOYER, Chief Judge.
Appellant, defendant below, was charged by information with grand larceny. After a jury found him guilty as charged, the trial court imposed sentence. Appellant now argues that his conviction should be overturned, and that the trial court erred in failing to grant his motion for directed verdict of acquittal based on sufficiency of the evidence.
At trial, the state proved that in February of 1974, appellant was a CPA and Financial Vice-President of Atlantic Discount Corporation in Jacksonville. While appellant, as one of the corporation’s loan officers, did have authority to issue checks for loans by the corporation, he did not, according to the President and Chairman of the Board, have authority to approve loans to himself. In early February of 1974, defendant approached both the President and Chairman of the Board and requested that the corporation approve a loan for his personal use. That request was refused on the ground that the corporation had a policy of not granting loans to employees. On February 25, 1974, appellant caused a check to be issued to J. & J. Properties, Inc. in the sum of $300,000 drawn on the Atlantic Discount corporate account. The check was validly co-signed by another employee who stated that she always signed where her immediate superi- or (i. e. the appellant) told her to. The company books reflected the transaction on four separate ledgers entered thereon by appellant himself, but the books indicated that the loan was made to J. & J. Properties with no mention of appellant. J. & J. Properties was, however, a corporation formed by appellant, his wife being the only other stockholder. In early June of 1974, appellant left the employ of Atlantic Discount. On June 26, appellant’s successor-comptroller brought to the attention of his superiors the $300,000 transaction for which there appeared to be no note nor loan agreement. After investigating the matter, Atlantic Discount officers discovered the identity of the recipient of the money. Immediately after acquiring that information, officers of Atlantic Discount confronted appellant, and an attempt was made to work out an amicable settlement for the repayment of the money. In the presence of those officers, appellant executed a written statement of intent to repay the loan by July 5, 1974. That statement of intent was signed by appellant and witnessed by the new Chairman of the Board of Atlantic Discount. The July 5 deadline passed, with appellant being unable to arrange means of repayment that would be acceptable to the officials of Atlantic Discount. Subsequent efforts to arrange an acceptable method of repayment were also unsuccessful. Having established the foregoing, the state rested, whereupon the defense moved for a directed verdict of acquittal which was denied.
Testifying in his own behalf, appellant stated that he “borrowed” the $300,000 from Atlantic Discount so that he might engage in a complicated business venture involving a complex system of business entities, the funding of each being secured by the funding of the others. He further testified that at the time of the transaction he and his wife executed a note in favor of Atlantic Discount and that a short time later he executed a corporate guarantee of the note by Mortgage Investors Funding Corporation, another corporation which had been formed by appellant. He testified that at no time did he intend to permanently conceal the transaction from Atlantic Discount but that he did seek to temporarily delay the discovery of the transaction by the other company officials because he wanted to “buy time.” To aid in accomplishing that purpose he removed from the company records, and ultimately destroyed, the cancelled check which would have normally gone into the computer. He asserted that he at all times intended, and *239 yet intends, to repay the “loan” and that if he liquidated all of his assets he could repay Atlantic Discount the entire $300,000. Nevertheless, appellant had not liquidated his assets and the money had not been repaid. Although he claimed that the money “borrowed” from Atlantic Discount was not converted to his own use, he admitted that he did purchase securities in his own name and that if the securities increased in value he would be the recipient of the increase. He explained that the securities were purchased in his own name as a convenience rather than in the name of the corporation because it was more difficult and burdensome to purchase securities in a corporate name. At the close of the defendant’s case, the motion for directed verdict of acquittal was renewed and again denied.
In arguing that his motion for a directed verdict should have been granted, appellant asserts that the state failed to adduce any evidence that he had any criminal intent to permanently deprive Atlantic Discount of its property, that there was no evidence that a theft had occurred, and that there was no evidence that the alleged victim had suffered any loss. The evidence as contained in the record belies appellant’s contentions. The testimony shows that Atlantic Discount is minus $300,000 which formerly belonged to it and which appellant was never authorized to take. The only element of grand larceny which appellant might legitimately question is the element of criminal intent. That intent may be inferred from the circumstances. (Williams v. State, Fla.App.4th 1970, 239 So.2d 127) Sub judice, there are at least two facts adduced by th'e state from which the jury could have, and apparently did, find the requisite criminal intent. First, appellant never gave any indication that he was going to inform the company of the “loan.” In fact, the company did not find out about the transaction until some four months after it happened. A jury could well conclude that if appellant had not voluntarily told the company within four months, he might never have done so. Second, appellant stated that he could repay the loan to the company by liquidating all his assets: However, he had not done so. From that evidence, the jury could have inferred that appellant never really intended to reimburse the company at all. There being sufficient evidence in the record to establish a prima facie case, appellant’s conviction and sentence are
Affirmed.
RAWLS and SMITH, JJ., concur.