PER CURIAM.
Defendant, Kenneth Gray, appeals his conviction for grand larceny. Gray was a real estate broker who operated Continental Consultants, Inc. He had sole control over Continental’s escrow account, and made all deposits and issued and signed all checks. In April, 1976 Mr. and Mrs. Bubnow contacted Gray in his capacity as broker and he showed them the home of Mr. and Mrs. Smith. Desirous of purchasing the Smith residence, the Bubnows signed a purchase agreement conditioned upon their obtaining FHA financing and deposited $5,000 with Gray who stated that the money would be placed in Continental’s escrow account. Unable to obtain FHA financing, the Bub-nows requested return of their $5,000. Gray refused but told the Bubnows that his associate, Esther Flores, would find them another house to purchase and the $5,000 would be applied towards the purchase price. In July, 1976 Flores found the Bub-nows a suitable residence for sale owned by a Mrs. Mandt. At the closing on the Mandt house, Gray had agreed to produce two checks, a $2,366 check for the seller, Mrs. Mandt, and a $1,317 check for the co-operating broker, Vernon Stewart Realty. The remainder of the $5,000 was to be split between Gray and Flores as their commission. Gray failed to appear with the checks, but the transaction was closed when Vernon Stewart advanced Mrs. Mandt $2,171.45 so she could close on the purchase of her home. Vernon Stewart then demanded payment from Gray who never paid the money. Thereafter, Gray was informed against for grand larceny and it was subsequently discovered that Gray had withdrawn most of the money out of Continental’s escrow account and placed it in another Continental account used for his personal purposes. At the trial Gray’s defense was basically that he did not know what happened to the $5,000 placed in the escrow account. The jury returned a verdict of guilty and Gray appeals contending generally the evidence was insufficient and specifically the failure to prove the element of intent.
Generally facts are sufficient to support a conviction of grand larceny where the receipt of money from another is coupled with a promise that the money would be returned sometime in the future but is never returned. Stanton v. State, 349 So.2d 761 (Fla. 3d DCA 1977); O’Brien v. State, 327 So.2d 237 (Fla. 1st DCA 1976); Winnemore v. State, 150 So.2d 277 (Fla. 2d DCA 1963); Nunamaker v. State, 116 So.2d 450 (Fla. 2d DCA 1959). It is undisputed that Gray never returned the money as prom *207 ised. In addition, there is sufficient evidence that he withdrew the deposited funds out of the escrow account and transferred them to a corporate account of which he could and did make personal use. Under these circumstances the record excludes every reasonable hypothesis of innocence.
Affirmed.