PRACHT, City Marshal, v. GUNN, City Marshal.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. REPLEVIN—CLAIMS BY THIRD PERSONS—ENFORCEMENT.

    Code Civ. Proc. § 1709, providing that, at any time before a chattel which has been replevied is actually delivered to either party, third persons may file claims thereto with the officer, etc., does not furnish an exclusive remedy, but an officer having possession of the property involved under a writ of execution may maintain replevin against another officer who subsequently seizes the same property under a writ of replevin.

2. SAME—PROPERTY SUBJECT TO SEIZURE.

    A writ of replevin will not authorize the officer to take the property out of the possession of another officer who holds possession under a prior writ of execution.

Appeal from municipal court, borough of Brooklyn, Second district.

Action by Charles N. Pracht, as one of the marshals of the city of New York, against Thomas F. Gunn personally and as one of the marshals of said city. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Reuben Stone, for appellant.
Charles Frankel, for respondent.

GOODRICH, P. J. This action in replevin for certain goods is brought by the plaintiff, as one of the marshals of the city of New York, against the defendant individually and as a marshal of said city. On October 3, 1901, William Rachlin recovered a judgment in the municipal court of the city of New York against Leo Soroch and Meyer Kaner, as partners, for $468.80; and an execution thereon was issued to the plaintiff, who on the same day levied on the property of the said defendants at their store, No. 115 Graham avenue, borough of Brooklyn, and posted a notice that he had taken possession of and would sell the property. Four days later the defendant, by virtue of a writ in another action of replevin brought by Herman J.

Leskowitz against Louis Sorock, Abraham Sorock, Meyer Kaner, and Asnield Rischlin, partners doing business at 115 Graham avenue, broke into the store and replevied a part of the property which the plaintiff had in his custody under said execution. The defendant knew that the plaintiff was in possession under an execution. The plaintiff sold under the execution the portion of the property left in his custody, and it realized $245, leaving about $225 of the judgment uncollected.

On October 11th the plaintiff commenced the present action for claim and delivery of the property which had been taken by the defendant, and under a writ another marshal took the property into custody, and still retains the same. Its value was stipulated to be $200. The plaintiff claims the right to maintain the action by virtue of his special interest in the property. Judgment was rendered for the defendant, and the plaintiff appeals.

There is no doubt that Pracht, as marshal, had a special interest in the property as its custodian, in law; and if an action of replevin had been commenced against him he could have defended under his writ, assuming that it was a valid one. But the Leskowitz action having been brought against the firm, Pracht had the right to use the remedy set forth in section 1709 of the Code of Civil Procedure, which provides that at any time before a chattel which has been replevied is actually delivered to either party a person, not a party to the action, claiming, as against the defendant, a right to the possession thereof, existing at the time it was replevied, may make an affidavit and deliver it to the sheriff (marshal in present action), stating his claim and specifying the chattels, in which case the sheriff may, before delivery, require indemnity from the plaintiff's attorney, and, if indemnity is not furnished, the sheriff may deliver the chattel to the claimant without incurring any liability by reason of so doing. The plaintiff did not take this remedy, but commenced the present action of replevin. We are thus brought to the question whether he was bound to avail himself of the remedy provided in section 1709. We think not. That section provides a convenient remedy, but is not exclusive. It was held in Sewing Mach. Co. v. Heyman (City Ct. N. Y.) 54 N. Y. Supp. 936, that the remedy provided in section 1709 was not exclusive, and that a third party might apply and be made a party defendant to the action. By parity of reason a third party is not by that section deprived of his right to commence any other proceeding to enforce his lawful rights. The plaintiff, as marshal, having levied under an execution upon the property in question, an action of replevin might have been commenced against him by any person claiming title to such property, but no such action was instituted. Leskowitz brought his action against four defendants, one of whom was one of the defendants in the Rachlin action. When the Leskowitz action was commenced the property was in the lawful custody of the plaintiff, as marshal, under an execution, and not in the possession of the four defendants named in the action. Hence the writ of replevin did not authorize the defendant to take the property from the possession of the plaintiff. The property was in custodia legis. Bullis v. Montgomery, 50 N. Y. 352; Otis v. Wil-

liams, 70 N. Y. 208. Leskowitz could have brought a replevin action against the plaintiff, but in taking the property from the possession of the marshal in an action for replevin against strangers to the custody he was a trespasser. It follows that the judgment must be reversed.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.