THE STATE OF WASHINGTON, *on the Relation of R. A. Gardner, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*Wright, Jones & Bronson* and *W. L. Grill,* for relator.

*Edmund Stafford* and *Bert A. Northrop,* for respondents.

[1]Reported in 56 P. (2d) 1315.

BEALS, J.—During the year 1913, a corporation named Universal High Power Telephone Company was formed under the laws of this state. The corporation engaged in business for some years, and accumulated property of value. In the course of the year 1930, the corporation was stricken from the rolls by the secretary of state, because of its failure to pay the annual license fees required by law. April 29, 1931, a new corporation was formed, having the same name, which was in effect a reincarnation of the former company. The new corporation took possession of the property of the old, continued the use of the same record and stock books, and continued, without objection, the business of the old concern.

December 2, 1935, an action was instituted in the superior court for King county by Eva S. Godfrey and others, as stockholders and trustees of the corporation, and by the corporation itself, against R. A. Gardner, C. H. Steffen, and National Bank of Commerce, a corporation, as defendants. In their complaint, the plaintiffs alleged, *inter alia,* the existence of the corporation above referred to; that the individual plaintiffs were its trustees, and as such had removed defendants Gardner and Steffen as officers of the corporation, but that the defendants retained physical possession of the plant property, books and records of the corporation, and refused to deliver the same to the order of the board of trustees. The plaintiffs asked that an order to show cause be issued, directed to defendants Gardner and Steffen (who will hereinafter be referred to as though they were the only parties defendant in that action), requiring them to show cause why they should not immediately turn over to the plaintiffs the corporate property and account for their doings since November 7, 1935, the date of their removal. General relief was also demanded.

Upon the filing of the complaint, an order to show cause was issued, to which return was made by defendants in the action. The trial court refused to grant the plaintiffs any relief upon the order to show cause, and discharged the defendants thereon by order entered January 13, 1936.

The prosecuting attorney of King county, having been requested by the trial court to make an investigation concerning the affairs of the corporation, presented to the court, January 25, 1936, so-called findings and recommendations, in the form of a petition, whereupon there was served upon R. A. Gardner, by the prosecuting attorney, the following notice:

"To: R. A. GARDNER, C. H. STEFFEN, EVA S. GODFREY, PAUL J. HACKETT, HARRY L. NEFF and F. E. HUNT:

"You, and each of you, will please hereby take notice that the accompanying order designating and appointing Trustees as successors in the trust will be presented for signature of the court before the Honorable Roscoe R. Smith, Judge of the above entitled court, in his courtroom in the County-City Building, Seattle, King County, Washington, at the hour of 11 o'clock in the forenoon of the 27th day of January, A. D. 1936.                        WARREN G. MAGNUSON,
                                    Prosecuting Attorney for
                                    King County, Washington."

It does not appear that Mr. Gardner responded to this notice, either in person or by written pleading, but the court nevertheless, January 31, 1936, being of the opinion that the alleged corporate assets should be administered under supervision of the court, appointed trustees to take possession of the property, and, upon Mr. Gardner's failure to relinquish the same, an order to show cause was entered, directing Mr. Gardner to appear before the court on the 6th day of March, 1936, to explain why he should not be held in contempt for

failure to comply with the order of January 31st. Upon service of this order upon him, Mr. Gardner applied to this court for a writ of prohibition enjoining the superior court from proceeding further under the pending order to show cause. This is the proceeding now before us for determination.

It appears from the files that relator Gardner, claiming to be a creditor of the corporation, brought a suit against it, in which judgment was rendered in his favor for a large amount; that thereafter execution was issued upon this judgment and levied upon the corporate property, which relator purchased at sheriff's sale December 10, 1935.

In the action above referred to brought by Eva S. Godfrey and others against Gardner and Steffen, Mr. Gardner had appeared by counsel and in due time filed his answer to the complaint. The issues as between the plaintiffs and relator Gardner were regularly joined before the entry of the order of January 31st. It also appears that the prosecuting attorney and Henry J. Gorin, who in the preface to the petition above referred to is represented as appearing for a number of stockholders of the corporation, filed, as above stated, a petition for the appointment of successors in trust to take charge of the corporate property. Apparently, no one represented by Mr. Gorin appeared in the action, and none of the stockholders represented by him is named. He, therefore, had no standing before the court.

It may be assumed that the prosecuting attorney proceeded under Rem. Rev. Stat., § 1044 [P. C. § 8408], a portion of the statute providing for information in the nature of *quo warranto*, which reads as follows:

"If judgment be rendered against any corporation, or against any persons claiming to be a corporation,

the court may cause the costs to be collected by executions against the persons claiming to be a corporation, or by attachment against the directors or other officers of the corporation, and shall restrain the corporation, appoint a receiver of its property and effects, take an account and make a distribution thereof, among the creditors. The prosecuting attorney shall immediately institute proceedings for that purpose.''

His petition, however, was entitled in the pending action, and, as far as we are advised, no process was issued thereon, either by way of a summons or an order to show cause.

The corporation itself was named as one of the plaintiffs in the pending action, which was apparently ready to proceed to trial.

As we view the matter, the only question now before us is the jurisdiction of the superior court to proceed to punish relator Gardner for contempt for his failure to surrender the property in question to the trustees named by the court in its order of January 31, 1936.

The superior court has, of course, extensive jurisdiction in any case pending before it for the purpose of enabling it to protect corporate property against waste or spoliation, and to safeguard the rights of all persons interested therein. It may be assumed that the superior court could request a prosecuting attorney to make any investigation into the business affairs of the corporation which the court felt would be helpful and to report to the court. If the prosecuting attorney complied with this request, the court could doubtless give due consideration to the opinion of the prosecutor on the facts, and such opinion could be placed before the court in any lawful manner.

Assuming for the purpose of argument the application of § 1044 [P. C. § 8408], *supra,* to such a situation as was presented by the pending litigation, it does not appear that the statute was followed by the prosecut-

ing attorney. He certainly instituted no "proceedings," and if it be that the petition which he filed in the pending cause might be considered an intervention, no order allowing or directing him to intervene appears, and no process upon the petition was issued.

Assuming that the court, on motion of any party to the action, or on its own motion, if it appeared that circumstances justified such action, might have restrained relator from alienating property claimed by the corporation and by order directed him to show cause why a receiver or trustee should not be appointed, no such order was here entered. Evidently, the claimed corporate property was in the possession of relator Gardner. Relator had appeared in the action which was pending and was entitled to reasonable notice of all proceedings to be taken therein. No question of any immediate emergency which would not admit of delay is here presented.

A hearing had been had on the order to show cause, signed at plaintiffs' request at the time they filed their complaint, which order was directed to relator Gardner and another, and after a hearing, the court, being fully advised in the premises, had discharged the order. The order of January 31st appointing trustees to take possession of the property recites that the matter came on regularly for hearing that day

". . . upon the petition of the prosecuting attorney of King county, Washington, and his reports and findings in the above entitled matter, praying for the appointment of trustees," etc.,

and after other recitals, proceeded to order, adjudge and decree "that the petition of the prosecuting attorney of King county be and the same is hereby granted," and that certain persons named, including

relator, be removed as trustees, and that other persons named be appointed.

Authorities are cited by the respective parties to this proceeding now pending before us, but we find few which are particularly helpful. On behalf of respondent, it is argued that the court, having obtained jurisdiction of the corporation in an equity proceeding, could assume jurisdiction for all purposes, and grant necessary and proper relief. This is true, and we are in entire accord with the principle stated.

We are convinced, however, that the order of January 31, 1936, cannot be enforced as against relator by contempt proceedings, and that the superior court had no jurisdiction to order relator to appear before it and show cause why he should not be punished for contempt for refusing to obey the order. This latter order was entered, in so far as relator is concerned, without due, or any, process of law and without any appearance by relator in response to the petition of the prosecuting attorney, upon which the order of January 31st was based, according to its own recitals.

The case of *State ex rel. Amsterdamsch Trustees Kantoor v. Superior Court,* 15 Wash. 668, 47 Pac. 31, 55 Am. St. 907, 37 L. R. A. 111, is of interest in connection with the question here presented. It there appeared that the prosecuting attorney of Spokane county, upon his own relation, informed against certain persons, including the relator in the case cited, upon the ground that they were acting as a corporation without legal sanction, the prayer being for the appointment of a receiver to take possession of the property claimed to be held by the alleged corporation. Upon the filing of the information, the court appointed a receiver and directed all persons having possession of any of the property to deliver the same

to the receiver, under penalty of standing in contempt of court. The relator in the case cited then applied to this court for a writ of prohibition, alleging that it held, as purchaser at a judicial sale, certain property demanded by the receiver; and that, upon its suggestion to the superior court, made under special appearance, that it was not bound by the order appointing the receiver, the trial court had declined to vacate or modify the order. This court, after holding that the procedure followed by relator was correct, held that the trial court had proceeded without jurisdiction to appoint a receiver, that the section of the code above quoted was inapplicable, and that the statutory procedure for the appointment of a receiver had not been followed. It was directed that a peremptory writ issue, prohibiting the superior court from proceeding to enforce its order.

A very similar situation is here presented. The trial court had carefully considered the rights of the parties on the hearing upon the order to show cause directed to this relator and others, requiring them to show why they should not turn over to the officers of the corporation certain property, books and records, and, after refusing to grant any relief under the order to show cause, had discharged the relator from the operation of the order.

Thereafter, upon the mere filing of a petition by the prosecuting attorney, and without the issuance of any process or order to show cause thereon, the court appointed trustees to take possession of the property and threatens relator with an order finding him in contempt of court if he does not turn over to the trustees property which relator claims the right to keep.

We hold that, from the record, it appears that the superior court had no jurisdiction to order relator to show cause in manner and form as contained in its

order returnable March 6, 1936, and a peremptory writ of prohibition will issue from this court, prohibiting the superior court from proceeding further under this order.

BLAKE, HOLCOMB, and TOLMAN, JJ., concur.

MILLARD, C. J. (dissenting)—I do not agree that, on the record as I view it, the trial court acted in excess of its jurisdiction; therefore, I dissent.