In the Matter of the General Assignment for the Benefit of Creditors of JOHN C. CREVELING & SON CORPORATION, Assignor, Respondent, to EDWARD G. ELKINS, Assignee, Respondent. PHILIP COHEN, Doing Business under the Firm Name and Style of MARCUS COHEN & SON, and NATIONAL SURETY CORPORATION, Appellants.

Second Department, April 29, 1940.

*Harry G. Anderson* [*Samuel Bader* with him on the brief], for the appellants.

*Abraham Apat,* for the assignor, respondent.

*Louis J. Weinshenker,* for the assignee, respondent.

CARSWELL, J. The determinative facts are not in dispute. On April 6, 1939, the assignor corporation made an assignment for the benefit of creditors to Elkins. The assignee duly qualified and obtained an order authorizing the sale of certain assets of the assignor at public auction. A resettled order correcting an error in the date of the sale was procured on a petition which apprised the court that Marcus Cohen & Son were the designated auctioneers to conduct the sale and that the named auctioneer had inserted a publication in a specified newspaper and sent out notices of the sale.

The auction sale was had on April 11, 1939, the date fixed in the resettled order. It was conducted by Philip Cohen, a licensed auctioneer who does business under the trade name of Marcus Cohen & Son. The total amount realized on the sale was $6,200. Of the proceeds $3,892.60 were not turned over to the assignee. Futile demands were made by the assignee on Philip Cohen to turn over this balance. Finally the assignee moved for an order directing Cohen to file and serve an account of his proceedings as auctioneer and directing him to pay over $3,892.60. Cohen opposed on the ground that he had an arrangement with one Cadan, an office associate, whereby Cohen was to act as the auctioneer for fifty dollars, although the commissions would amount to about $600; that he received a check for that amount from Cadan, who is an auctioneer whose license to act had been suspended in February, 1939. He says, therefore, under the arrangement, which he insists was known to the assignee, his only duty was to act on the day of the auction, for which services he received fifty dollars, and that he is under no duty to account or pay over the moneys realized on the auction sale which he conducted.

The Special Term rejected Cohen's contention and directed him to file an account and pay over $3,892.60 by an order dated August 29, 1939. Thereafter Cohen moved for reargument; the application was granted and resulted in an order, dated September 7, 1939, adhering to the original decision. Subsequently Cohen, by order dated September 21, 1939, was adjudged in contempt of court for his failure to comply with the order of August 29, 1939.

An auctioneer may not avoid his duties and obligations by becoming a party to any such arrangement. Cohen was in duty bound by reason of his acting as an auctioneer to obtain possession of the proceeds of the sale. He may not by any arrangement, private or otherwise, avoid responsibility to the court for the proceeds of the property he sold at public auction on behalf of the assignee. His

duty to receive the proceeds and his obligation to account therefor are non-delegable and his failure to do so is a ground for revocation of his license. (Gen. Business Law, §§ 23, 25, 26, 27; Rules and Regulations, Department of Licenses, City of New York, rules 16 and 17, p. 211; Administrative Code of the City of New York, §§ B32–138.0, B32–140.0, B32–141.0, B32–142.0, B32–151.0.)

An auctioneer is subject to the summary jurisdiction of the court for which he acts in respect of his conduct in relation to an estate which has been made the subject of a general assignment and a public sale. Such an estate is *in custodia legis*, and any one involved in the administration thereof on behalf of the court is subject to its summary jurisdiction. (Debtor and Creditor Law, § 8; § 15, subds. 3, 15, 16, 17; § 20; Surr. Ct. Act, § 40, subd. 4; *Matter of Sheldon*, 173 N. Y. 287.) It follows, therefore, that Cohen, having failed to account for the proceeds of the property which he sold at auction, and having failed to pay over the balance of the proceeds in the amount of $3,892.60, has been properly directed by order to turn over that sum to the assignee, and by reason of his failure to do so has been properly adjudged in contempt.

Although the point is not raised, two of the orders entered must have stricken therefrom certain words to avoid vitiating indefiniteness.

The order dated August 29, 1939, should be modified by striking from the second and third decretal paragraphs the words " or such other amount as may be the balance due the said assignee on." As thus modified, the order should be affirmed, without costs.

The order dated September 21, 1939, should be modified by striking from the first and second decretal paragraphs the words " or such other amount as may be the balance due the said assignee." As thus modified, the order should be affirmed, without costs.

The order dated September 7, 1939, in so far as appealed from, should be affirmed, without costs.

Lazansky, P. J., Hagarty, Johnston and Taylor, JJ., concur.

Order dated August 29, 1939, modified by striking from the second and third decretal paragraphs the words " or such other amount as may be the balance due the said assignee on." As thus modified, the order is affirmed, without costs.

Order dated September 21, 1939, modified by striking from the first and second decretal paragraphs the words " or such other amount as may be the balance due the said assignee." As thus modified, the order is affirmed, without costs.

Order dated September 7, 1939, in so far as appealed from, affirmed, without costs.