## In re SUPERIOR KITCHEN PRODUCTS CORPORATION.
### No. 42127.

District Court, E. D. New York.
April 20, 1942.

David Harrison, of New York City (Walter Milkman, of Brooklyn, N. Y., of counsel), for petitioner.

Benjamin Rosenthal, of Brooklyn, N. Y., for trustee.

CAMPBELL, District Judge.

This is a hearing on a petition to review an order of the Referee dated January 27th, 1942, directing the sale by the Trustee of all of the physical assets of the bankrupt free and clear of the lien of the Florence Trading Corporation, arising by virtue of the chattel mortgage held by it covering property of the bankrupt, at public auction, and transferring the lien of the said Florence Trading Corporation in and to the said property to the proceeds of said sale.

The property has been sold, and a sum in excess of the claim of said Florence Trading Corporation has been realized by the Trustee to which the lien of the said Florence Trading Corporation has attached.

There had been no order of distribution granted when the petition to review herein was filed, therefore the petitioner herein seeks only to review the order of the Referee ordering a sale of the property covered by said chattel mortgage free and clear of the lien of said chattel mortgage, and I am not passing on any other question.

As the petitioner would have been compelled to sell the property, and the property has been sold, and on such sale has produced more than the claim of the petitioner, the question of the order for a sale free and clear of the lien of the petitioner seems to me to be a moot one.

I will, however, consider the question presented.

The chattel mortgage in question was made by the bankrupt to Florence Trading Corporation on October 8th, 1941, and filed on October 10th, 1941.

On the 18th day of December 1941, the bankrupt made a general assignment for the benefit of creditors to Louis P. Rosenberg.

On the same day the general assignment was filed and the assignee qualified as required.

The property covered by the said chattel mortgage from then on was in custodia legis of the State Court, subject to, of course, the taking over by a receiver or trustee in bankruptcy, if a petition in bankruptcy should be filed.

On, or about, the 19th day of December 1941, the petitioner instituted a suit in which at its instance an order of replevin was issued to obtain the property alleged to be covered by the chattel mortgage.

The petitioner knew of the general assignment made by the bankrupt, but did not obtain the permission of the State Court to obtain the replevin as against the assignee, and in fact did not make the assignee a party to the suit or issue the summons in that action against the assignee.

At about 9.30 o'clock A.M. on the 22nd day of December 1941, the Sheriff of Kings County allegedly acting under said order of replevin in said action forcibly took possession without the knowledge or consent of the assignee of said property, but did not serve the order upon the assignee, or any agent or servant of the assignee, but served it only upon a watchman or janitor of the building in which the bankrupt's place of business was located.

On the same day, the 22nd day of December 1941, at about 2.30 o'clock P.M. an involuntary petition in bankruptcy was filed against the above named bankrupt in the Clerks Office, of this Court, and the petitioner was stayed from proceeding to collect its claim except in bankruptcy.

A motion was thereafter made by the petitioner to vacate said stay, but that motion was denied, but the stay was continued only until fifteen days after a Trustee be elected, or appointed and qualified, to enable the Trustee to take such action as he may decide, an attack on the chattel mortgage because of the alleged giving of a bonus having been made.

The bankrupt was adjudicated a bankrupt by a Judge of this Court on January 7th, 1942.

On January 20th, 1942 an exparte order was made on the application of the Trus-

tee for the sale of the assets of the bankrupt.

On January 27th, 1942 on a motion made by the Trustee on January 26th, 1942 on notice to the petitioner, Florence Trading Corporation, the Referee granted an order giving leave to the Trustee to sell at public auction all of the physical property of the bankrupt free and clear of the lien of said chattel mortgage, and that is the order which it is sought to review herein.

An application to stay such sale made by the petitioner was denied but not on the law and merits as set forth herein.

Subsequent to the filing of the petition in bankruptcy, and prior to the making of the order for the sale free and clear of the lien of the chattel mortgage held by the petitioner, the Sheriff had turned over to the petitioner the property alleged to be covered by said chattel mortgage, which he is alleged to have taken under the order of replevin. No final judgment had been taken in the action in which the order of replevin had issued.

The petitioner, its attorney, agents or servants, in taking the said property from the Sheriff did so with full knowledge of the infirmities of that action, which I have hereinbefore recited, and while the petitioner was still under a stay, and certainly was not in the position of one who acted in good faith without notice, but the property was constructively in the possession of the Trustee.

From that time on the Sheriff had no interest in, or possession of, the property.

The property of the bankrupt in the possession of the assignee prior to the filing of the petition in bankruptcy was in custodia legis and could not be taken from that custody without the consent of the State Court being first obtained. Krippendorf v. Hyde, 110 U.S. 276, 4 S.Ct. 27, 28 L.Ed. 145; Semel v. Dunn, City Ct. N.Y., 55 N.Y.S. 1006; Pracht v. Gunn, 69 App.Div. 396, 74 N.Y.S. 991; 5 Corpus Juris 1192, § 277.

The assignee was not a party to the action in which the order of replevin was issued, although he was a necessary party. New York Civil Practice Act, § 1096; Pracht v. Gunn, supra.

The naming as a defendant "John Doe" without in any way identifying the person intended to be described by that fictitious name, other than by the words "party intended being in possession of the chattels" when the petitioner knew that there was an assignee in possession did not make the assignee a party to that action. New York Civil Practice Act, § 215.

The title of the Trustee related back to the date of the filing of the petition in bankruptcy, and whatever right, title and interest the assignee had at that time was vested in the Trustee. Bankruptcy Act, § 70, sub. a(8), 11 U.S.C.A. § 110, sub. a(8).

The assignee not having been made a party to the action in which the order of replevin was issued, was not bound thereby, and neither is the Trustee.

The petitioner was a creditor holding security, and the Referee directed liquidation by a sale of the security at public auction free and clear of the lien of the chattel mortgage, the lien to attach to the money received on the sale for the property covered by it.

The petition to review is overruled, denied and dismissed, and the order of the Referee which it is sought to review herein is confirmed.