■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLINTON DIXON, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of robbery in the first degree, assault in the second degree (with intent to commit rape), and unlawful entry. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES N. GLASSEROW, Appellant, against HARRY J. WORTHING, as Senior Director of Pilgrim State Hospital, Respondent.— Appeal from an order dismissing a writ of habeas corpus and remanding relator to the custody of Pilgrim State Hospital. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ MERYL K. WOLF, Respondent, v. LEONARD J. WOLF et al., Appellants. — In an action against defendant Leonard Wolf to recover moneys loaned, the parties and their attorneys, and Abraham and Sara Wolf and their attorney, all personally appeared in the trial court, and their respective attorneys spread a stipulation upon the record under which the defendant Leonard Wolf agreed to pay a sum of money to plaintiff in installments and to execute certain instruments in accordance with the stipulation. Further, under the stipulation, Abraham and Sara Wolf, the parents of defendant Leonard, guaranteed such payments and agreed to execute certain instruments. Upon default, plaintiff moved to direct the entry of judgment jointly and severally against Leonard, Abraham and Sara Wolf, three of the parties to the stipulation. The motion was granted, and all three said parties appeal from the order entered thereon. Appellants contend that the making of the order was an abuse of discretion in respect of appellant Leonard Wolf in that he was mentally ill at the time of the stipulation. They further contend that as to appellants Abraham and Sara Wolf the stipulation is void under section 31 of the Personal Property Law, and that they are not bound by the oral stipulation of their attorney made in open court, for the reason that the last sentence of rule 4 of the Rules of Civil Practice applies in respect of parties to the action and not in respect of parties to the stipulation who are not parties to the action. Order affirmed, with $10 costs and disbursements. Appellants Abraham and Sara Wolf are bound by the terms of the stipulation to which they assented. (*Kneeland* v. *Luce*, 141 U. S. 437, 440.) Wenzel, Acting P. J., Murphy, Ughetta and Hallinan, JJ., concur; Beldock, J., concurs in the affirmance of the order insofar as it concerns appellant Leonard Wolf, but dissents from said affirmance insofar as it concerns appellants Abraham and Sara Wolf, and as to those appellants votes to reverse the order and to deny the motion with the following memorandum: In my opinion, it should not be held that a person not a party to an action may be bound by any stipulation therein, even though made in open court. Such person should first be made a party to the action if he is to be affected. (*Hanscom* v. *Malden & Melrose Gas Light Co.*, 220 Mass. 1, 3.) Abraham and Sara Wolf were not parties to the action, nor were they made such. Their guarantee in open court of the performance of the stipulation by Leonard Wolf, not being in writing and subscribed by them, is not binding on them.

■

## (November 12, 1957)

■ In the Matter of the Application of JOSEPH P. WALSH for Reinstatement to the Bar.— Application denied. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.