George Tilzer, J.
Defendants, American Fur Merchants Adjustment Bureau, Inc., as assignee for the benefit of creditors *861 of Foster & Chadwick Fur Co., Inc., and Breecker & Fein, Inc., auctioneers, move to dismiss jshis action as to them on the ground that this court does not have jurisdiction of the subject matter. The facts are not in dispute. On March 29, 1962, Foster & Chadwick Fur Co., Inc., made a general assignment for the benefit of its creditors to American Fur Merchants Adjustment Bureau, Inc., which was accepted by the assignee and filed in the office of the County Clerk of New York County. Thereafter, plaintiff commenced this action in replevin against the assignor, the assignee and the auctioneers. The Sheriff of the City of New York, pursuant to a requisition to replevy issued by the plaintiff in this action, took from the possession of the assignee certain property consisting of fur skins, claimed by the plaintiff to be owned by it. The issue presented on this motion is whether a replevin action can be instituted against an assignee for the benefit of creditors and its auctioneers, and property taken from the assignee’s possession, without leave of the court wherein the assignment proceeding is pending. The execution of an assignment and the acceptance by the assignee divests the assignor of all its assets and vests them in the assignee (Brennan v. Willson, 71 N. Y. 502; Brown v. Guthrie, 110 N. Y. 435; City of New York v. United States, 283 F. 2d 829). The assets in the hands of the assignee are deemed to be in custodia legis (Matter of Creveling & Son Corp., 259 App. Div. 351, 353, affd. 283 N. Y. 760) and cannot be taken from that custody without the consent of the court being first obtained (Matter of Superior Kitchen Prods. Corp., 44 F. Supp. 807 and cases therein cited). The court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of all other courts (United States v. Bank of N. Y. Co., 296 U. S. 463, 477). The court having jurisdiction has the right to determine whether a claimant must proceed by petition against an assignee in the assignment proceeding, or grant leave to the claimant to institute a plenary suit to which the assignee may be made a party defendant. The claimant has no right to elect which of these procedures he should follow (Stoerzer v. Nolan, 19 App. Div. 338). The Federal courts, applying New York State law have held that the assignee’s right of possession is superior to that of the plaintiff in a later replevin action, however that action may have been instituted (Florence Trading Corp. v. Rosenberg, 128 F. 2d 557; City of New York v. United States, 283 F. 2d 829). It follows, therefore, that, after the execution and acceptance of an assignment for the benefit of creditors, an independent action in replevin cannot be maintained against an assignee without leave of the court having jurisdiction of the assignment *862 proceeding. Accordingly, defendants’ motion to dismiss the action as to them is granted, the requisition of replevin vacated and the Sheriff of the City of New York is directed to return to the assignee the property heretofore taken by him thereunder. The dismissal of this action against these defendants is without prejudice to any proceedings plaintiff may be advised to bring upon proper application therefor.