In the Matter of SAMUEL A. ARUTT et al., Petitioners, *v.* ABRAHAM J. MULTER, a Retired Justice of the Supreme Court of the State of New York Serving under Certification, Respondent.

Second Department, October 17, 1973.

*Nathan Cohen* for Samuel A. Arutt, petitioner.

*Robert P. Herzog* for David Strauss & Co., Inc., petitioner.

*Louis J. Lefkowitz, Attorney-General* (*A. Seth Greenwald* of counsel), for respondent.

*Per Curiam.* The petitioners instituted this proceeding under article 78 of the CPLR in the nature of prohibition to direct the respondent, a Justice of the Supreme Court, " to resettle " an ex parte order heretofore made by him, dated September 18, 1973 and entered in Richmond County, in a proceeding entitled " Matter of the General Assignment for the Benefit of Creditors of Fillies & Fellows, Inc., assignor, to Samuel A. Arutt, assignee ", solely to the extent of striking therefrom the respondent's designation of an auctioneer and substituting therefor the assignee's designation of an auctioneer.

Prohibition does not lie in the instant matter because the order in question has already been made. However, this court, on its own motion, should modify the order, under the power granted to this court by subdivision (a) of CPLR 5704, by striking therefrom the court's designation of Jack Duberstein as auctioneer and substituting therefor the assignee's designation of the petitioner David Strauss & Co., Inc. as auctioneer.

Petitioner Arutt, in his capacity as assignee for the benefit of creditors, acting pursuant to the provisions of section 14 of the Debtor and Creditor Law, designated and employed petitioner David Strauss & Co., Inc. as his auctioneer to represent him in the matter of liquidating the physical assets of the assignor, Fillies & Fellows, Inc., located in Staten Island, County of Richmond.

Pursuant to the applicable provisions of section 19 of the Debtor and Creditor Law, the petitioner assignee sought per-

mission to sell the physical assets of the assignor at public auction by his duly designated auctioneer. A proposed order granting such permission, together with a supporting application, was submitted to the respondent at Special Term. The application was granted, but in so doing, the Special Term designated a different auctioneer and altered the proposed order accordingly.

In their moving papers submitted to this court, the petitioners contend that the respondent disregarded the specific provisions of the statute which prescribes the duties of the assignee and specifically provides that among those duties the assignee shall " designate and employ auctioneers " (Debtor and Creditor Law, § 14).

We agree with the petitioners that the Special Term had no power to designate an auctioneer. Section 14 of the Debtor and Creditor Law was amended in 1950 to expressly expand the duties of the assignee to include the duty to " make appraisals or in his discretion employ an appraiser or appraisers; *designate and employ auctioneers* " (emphasis supplied; L. 1950, ch. 758, § 4). The Legislature's express intent was to expedite the administration of the debtor's estate by promoting economy and efficiency of administration (1950 Report of N. Y. Law Rev. Comm., p. 301).

We do not suggest that the intent of the Legislature in enacting the amendment was to divest the court of its broad and overall supervisory jurisdiction in the administration of assigned estates. Indeed, section 20 of the Debtor and Creditor Law vests the court with " full jurisdiction to do all and every act relating to the assigned estate, the assignees, assignors and creditors, and * * * the court may exercise the powers of a court of equity in reference to the trust and any matters involved therein." This power has, in fact, been upheld and followed in the courts of this State (see *Matter of Vogue Pleating & Embroidery Co.,* 11 A D 2d 358). Moreover, it has been held that an auctioneer is subject to the summary jurisdiction of the court for which he acts in relation to a general assignment and public sale, since the estate is *in cutodia legis (Matter of Creveling & Son Corp. [Elkins],* 259 App. Div. 351).

However, the summary jurisdiction and general supervisory power of the court are set in motion only by a proceeding to review the actions of the auctioneer or to remove him for conduct against the best interests of the estate (Debtor and Creditor Law, §§ 4, 8, 15, subds. 3, 13). By that means the court is authorized to exercise its equitable powers with respect to the trust. By the amendment to the statute in 1950 the court's

general supervisory power no longer extends to the initial appointment of an auctioneer.

Thus, in our opinion, the Special Term disregarded the specific provisions of section 14 of the Debtor and Creditor Law by appointing an auctioneer and substituting its judgment for that of the assignee, without a finding of incompetence or impropriety on the part of the assignee's appointee. Hence, as hereinabove stated, the order of the Special Term should be modified by striking therefrom the Special Term's designation of Jack Duberstein as auctioneer and substituting the assignee's designation of the petitioner David Strauss & Co., Inc. as auctioneer.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.

On the court's own motion the order of Special Term is modified, without costs, by striking from the first decretal paragraph thereof the name " Jack Duberstein " and substituting therefor the name " David Strauss & Co., Inc."