OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the surcharge against appellant vacated.
On November 5,1974, Empire Furniture Factories, Inc., executed a general assignment for the benefit of creditors to respondent León Marcus. The assignee filed a final report and accounting on October 27,1978, and the matter ultimately was referred to a referee. Although the referee approved the assignee’s accounting, he ordered that the assignee’s auctioneer, appellant herein, be surcharged $5,273.40. The surcharge represented the cost of two newspaper advertisements that appellant had placed without first obtaining court approval. Although appellant was never made a party to the proceeding, Supreme Court nevertheless directed that the referee’s order be docketed as a money judgment against it, from which an appeal was taken.
The surcharge against appellant was improper. The courts have broad supervisory powers over the administration of assigned estates (see Debtor and Creditor Law, § 20), and an auctioneer is subject to the summary jurisdiction of the court for which he acts in relation to a general assignment and public sale (see Matter of Creveling & Son Corp. [Elkins], 259 App Div 351, affd no opn 283 NY 760). Nonetheless, “the summary jurisdiction and general supervisory power of the court [as to an auctioneer] are set in motion only by a proceeding to review the actions of the auctioneer or to remove him for conduct against the best interests of the estate” (Matter of Arutt v Multer, 42 AD2d 366, 368). Here, appellant was neither made a party to the proceeding nor given notice that it might be surcharged; its president’s presence as a witness with counsel did not constitute an appearance in the action. Under these circumstances, the imposition of a surcharge deprived appellant of due process of law (see Walker v City of Hutchinson, 352 US 112, 115; Mullane v Central Hanover Trust Co., 339 US 306, 313), and it therefore must be vacated. We pass on no other question.
*809 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur in memorandum.
Order reversed, etc.