OPINION OF THE COURT
Daniel F. Luciano, J.
In this assignment for the benefit of creditors of the assignor, Aluminum Alloys Corp., the assignee, Victor A. Cohen, has moved for approval of his final account, for payment of his commission and fees to his accountants and attorneys and for authorization to abandon the assignor’s, Aluminum Alloys Corp., books and records.
In addition to the assignee’s, Aluminum Alloys Corp., submissions, which support his application, the court is in receipt of a letter dated December 29, 1989 from Andrew M. Thaler, Esq., of Goldman, Horowitz, & Cherno, Esqs., counsel for the *325 assignee, Victor A. Cohen, which advises "that the Assignee has learned that the estate will be receiving a distribution of approximately $4,000.00 from a different insolvency proceeding which has not yet been finalized.”
This has been a protracted proceeding having been commenced in 1983. Moreover, it has not been demonstrated at this time that the assignee, Victor A. Cohen, obtained an order of the court pursuant to section 202.63 (d) (9) of the Uniform Rules for Trial Courts (22 NYCRR 202.63 [d] [9] [former § 677.4 (i) of the Rules of the Supreme Court, Appellate Division, Second Department]) permitting the filing of the assignee’s account more than 15 months after the date of the execution of the assignment deed. Nevertheless, it cannot be concluded with any certainty at this time that the long duration of this proceeding is the result of a lack of diligence on the part of the assignee, Victor A. Cohen, or his agents. For example, the dispute and resolution of a question of the proper calculation of tax refunds to the assignor’s, Aluminum Alloys Corp., estate from the Internal Revenue Service spanned some five years before full recovery of some $247,260.52 in tax refunds was achieved.
It is, however, patently clear that the protracted delay in concluding this matter has been an inconvenience to the creditors of the assignor, Aluminum Alloys Corp., and, the court is informed, a critical hardship to at least one major creditor. Certainly this is not consistent with the intended purpose of an assignment for the benefit of creditors. "The Legislature definitively intended it to be an expeditious method in administering an insolvent debtor’s estate economically and efficiently (Matter of Arutt v Multer, 42 AD2d 366, 368).” (Matter of Fisher Bookbinding Co. [Angel], 119 Misc 2d 763, 765; accord, Matter of Sound Spectrum [Unger], 133 Misc 2d 955.)
Unfortunately, in view of counsel’s advice that an additional sum of approximately $4,000 will be distributed to the estate it does not appear that a final accounting may be approved at this time. This circumstance, however, need not result in the continued hardship to or economic ruin of the assignor’s, Aluminum Alloys Corp., creditors.
Section 15 (12) of the Debtor and Creditor Law empowers the court: "To settle and adjudicate upon the account and the claims presented, and to decree payment of any creditor’s just proportional part of the fund, or, in case of a partial account *326 ing, so much thereof as the circumstances of the case render just and proper”.
It is noted that "[a]s a practical matter, a decree to pay the creditors usually arises in a single proceeding in which the court allows claims, orders distribution to the creditors, and settles the assignee’s account.” (30 NY Jur 2d, Creditors’ Rights and Remedies, § 496.)
The circumstances of this case, however, persuade the court to employ the power granted by section 15 (12) of the Debtor and Creditor Law and, pending final settlement of the assignee’s account, to decree payment of the several creditors’ proportionate part of a designated part of the funds available to the estate for distribution to creditors.
The assignee’s proposed final report, accounting and application for commissions shows funds available in the amount of $332,868.66 which is "to be distributed according to law, subject to the deduction of the amount of the [assignee’s, Victor A. Cohen,] commission and expenses of this Assignment as they may appear.”
The assignee, Victor A. Cohen, seeks a commission of $20,838.33, and does not seek reimbursement of out-of-pocket disbursements. The assignee’s, Victor A. Cohen, attorney seeks an allowance of $13,701.25 plus $49.50 for unreimbursed disbursements in the sum of $49.50 for a total of $13,750.75. The assignee’s, Victor A. Cohen, accountant seeks compensation in the sum of $8,170 for services as accountant and tax preparer.
Since the court is disinclined to give final approval of the settlement of the estate at this time the court will not presently approve the commissions, allowances, disbursements and compensation sought. It is appropriate, however, to withhold from distribution to creditors a sum sufficient to make these awards should they be ultimately approved.
It does appear, however, that of the funds available the sum of $275,000 justly and properly may be paid to the several creditors in partial payment in accordance with their justly proportional part of the fund. The general unsecured creditors entitled to participate in distribution shall be paid in just proportion after full payment of the priority tax claim of $56.22 of the New York State Department of Labor.
The remaining funds available for distribution may be distributed upon final settlement of the estate.