[No. 13828-3-III.   Division Three.   May 30, 1995.]

*In the Matter of Proceedings Before* SPECIAL INQUIRY JUDGE.

*James R. Sweetser, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for appellant.

*Julie Twyford,* for respondent.

MUNSON, J. — The Spokane County Prosecutor was granted discretionary review of an order granting a motion for change of judge. The order was based on the affidavit of prejudice of an attorney representing a witness summoned to testify before a special inquiry judge. RCW 10.27.050. We reverse.

A witness was subpoenaed to appear before a special inquiry judge in February 1994. Counsel for the witness filed an affidavit alleging the special inquiry judge was prejudiced against her (the attorney) and moved for an order changing the judge assigned to the case. Noting the issue had arisen before, was likely to come up again, and that an authoritative opinion on the subject would be desirable, the special inquiry judge granted the motion.

The prosecutor contends the judge should not have honored the affidavit of prejudice because it is inapplicable to a special inquiry proceeding.

When it is established a judge is prejudiced against a party or attorney appearing in a case, the case must be

transferred to another judge. RCW 4.12.040, .050. Such prejudice may be established by motion and affidavit of "[a]ny party to or any attorney . . .. that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge . . .". RCW 4.12.050. The prosecutor argues this provision is inapplicable to a special inquiry proceeding because such proceedings do not involve a trial.

A trial is "[a] judicial examination, in accordance with law of the land, of a cause, either civil or criminal, of the issues between the parties, whether of law or fact, before a court that has proper jurisdiction". Blacks Law Dictionary 1504 (6th ed. 1990). A special inquiry is a criminal investigatory proceeding; the role of the special inquiry judge does not contemplate a judicial examination of issues of law and fact between the parties. As noted in *State v. Neslund*, 103 Wn.2d 79, 86, 690 P.2d 1153 (1984):

> The special inquiry judge does not have the power to initiate the special inquiry. Instead, any public attorney, corporation counsel or city attorney who has reason to suspect crime or corruption within his jurisdiction may petition the special inquiry judge for an order commanding persons to appear before the judge, where there is reason to believe those persons may provide material testimony or evidence concerning the suspected crime or corruption. The persons summoned must answer such questions as the special inquiry judge approves, and provide evidence as the judge directs. RCW 10.27.170. Thus, the public attorney is generally in control of the special inquiry judge proceeding, although the special inquiry judge can require the public attorney to subpoena a witness who he believes to have relevant information or knowledge. RCW 10.27.140(3). Finally, the special inquiry judge does not make the ultimate decision to prosecute, since he has no power to issue indictments. RCW 10.27.150.

Thus, the special inquiry judge presides over an investigation into criminal activity or corruption. It is not contemplated that that judge is in charge of such an investigation or directs it. Nor does that judge issue process charging anyone with a crime or issue indictments. *State v. Manning*, 86 Wn.2d 272, 543 P.2d 632 (1975). The special in-

quiry judge cannot preside over any proceeding arising out of the inquiry. RCW 10.27.180. The affidavit of prejudice, RCW 4.12.040 and .050, does not apply to a proceeding before a special inquiry judge.

■■ Moreover, counsel representing the witness in this case was not a "party to or . . . attorney appearing" before a special inquiry judge. RCW 4.12.050. A party is "an interested litigant whose name appears of record as a plaintiff or defendant, or in some other equivalent capacity, and over whom the court has acquired jurisdiction". *Junkin v. Anderson*, 12 Wn.2d 58, 71, 120 P.2d 548 (1941). Appearance of a nonparty as a witness is not an appearance for the purpose of submitting to the jurisdiction of the court. *City Bank & Trust Co. v. Hawthorne*, 517 So. 2d 970 (La. App. 3d Cir. 1987); *In re Empire Furniture Factories, Inc.*, 59 N.Y.2d 807, 451 N.E.2d 484, 464 N.Y.S.2d 737 (1983); *see Rockdale Cable T.V. Co. v. Spadora*, 97 Ill. App. 3d 754, 423 N.E.2d 555 (1981). Neither the witness nor her counsel is a party to a special inquiry investigation.

■■ Counsel for the witness suggests she qualifies as an "attorney appearing" in the proceeding. Construing the term broadly, an appearance is the act of a party which constitutes the submission of a matter to the court's jurisdiction. *Dlouhy v. Dlouhy*, 55 Wn.2d 718, 722-24, 349 P.2d 1073 (1960); *Skilcraft Fiberglass, Inc. v. Boeing Co.*, 72 Wn. App. 40, 45-46, 863 P.2d 573 (1993). When an attorney makes a formal appearance for a party, the party "appears", not the attorney. *Tiffin v. Hendricks*, 44 Wn.2d 837, 271 P.2d 683 (1954). "A lawyer appears in a trial as the representative and alter ego of his client". *State v. Peeler*, 7 Wn. App. 270, 274, 499 P.2d 90 (1972). An attorney whose client has not appeared in the action has no standing before the court. *State ex rel. Gardner v. Superior Court*, 186 Wash. 134, 137, 56 P.2d 1315 (1936).

An individual called to testify before a special inquiry judge "has a right to representation by an attorney to advise him as to his rights, obligations and duties . . .".

RCW 10.27.120. Nevertheless, "[t]he attorney advising the witness shall only advise such witness concerning his right to answer or not answer any questions and the form of his answer *and shall not otherwise engage in the proceedings*". (Italics ours.) RCW 10.27.080. Under the general rules applicable to appearances by attorneys and under the particular statutes governing special inquiries, counsel representing a witness before the special inquiry judge is without standing or authority to file a motion and affidavit for change of judge under RCW 4.12.050. The special inquiry judge erred in granting the motion for change of judge.

Reversed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.