■ LOIS JACOBS, Appellant, v INGRID A. JACOBS, Respondent. [645 NYS2d 342] —Spain, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Rosato, J.), entered April 12, 1995 in Westchester County, which denied plaintiff's motion for summary judgment and partially granted defendant's cross motion for summary judgment.

Plaintiff and Bernard Jacobs were married in 1956. In or about 1970, Jacobs and defendant commenced residing together and continued to do so until his death. In December 1988 plaintiff commenced divorce proceedings against Jacobs. In July 1990 plaintiff and Jacobs entered into a stipulation of settlement on the record before Supreme Court wherein Jacobs agreed, inter alia, that plaintiff would receive (1) $350,000 to

---

be paid from a retirement income plan of which Jacobs was the beneficiary, (2) the assignment of the Hospital for Special Surgery Employee's Pension Plan (hereinafter the HSS Plan) which contained a provision for annuity payments (the amount of the annuity payments that would be paid from the HSS Plan was discussed and Jacobs agreed that until the earliest time that plaintiff would be eligible for Social Security benefits he would remit the difference between that amount and $3,000), and (3) $30,000 from the estate of Jacobs by a testamentary provision. Defendant was also present in open court and participated in the colloquy with the parties and the court. Defendant agreed, *inter alia*, to guarantee payment of the short-fall between the sum actually received from the annuity and $3,000 per month to plaintiff until the "earliest date" plaintiff became eligible to receive Social Security and, further, to guarantee the sum of $30,000 payable from Jacob's estate; although defendant's execution of a written guarantee was discussed, it was never accomplished. A judgment of divorce was entered August 6, 1990 which declared, *inter alia*, defendant to be jointly liable with Jacobs on the aforementioned obligations;[1] thereafter, defendant and Jacobs were married.

Jacobs died intestate on April 19, 1992; following his death, plaintiff received no monthly payments in addition to the annuity, nor the $30,000 lump-sum payment due from his estate. Plaintiff commenced the instant action in March 1994 seeking a judgment against defendant, based upon her guarantees, in the amount of $252,353. After issue was joined plaintiff moved for summary judgment and, in response, defendant cross-moved for summary judgment.

Upon review of the transcript of the matrimonial settlement proceedings it is clear that Supreme Court recognized its lack of jurisdiction over defendant, who was called as a nonparty participant, was sworn, agreed to be subject to the jurisdiction of the court with respect to the guarantees, was present when the parties' stipulation was placed on the record and, significantly, agreed to the aforementioned guarantees. In response to plaintiff's motion for summary judgment, defendant asserted that the guarantees were illusory and unenforceable and, further, that her failure to execute a separate document memorializing the guarantees is fatal. Supreme Court, based upon its finding that plaintiff's cause of action regarding Jacobs' estate may have been premature and on defendant's failure to execute a formal agreement, denied plaintiff's motion; however,

---

1. Prior to the entry of the judgment of divorce, Jacobs remitted $350,000 to plaintiff.

Supreme Court did determine that plaintiff became eligible for Social Security benefits in November 1993 and therefore granted defendant's cross motion, thereby denying plaintiff the recovery of any post-November 1993 short-fall payments. Plaintiff appeals.

Initially, we note that CPLR 2104 generally requires that agreements "between parties or their attorneys relating to any matter in an action" be in writing, with an exception for agreements "made between counsel in open court". By its clear and unequivocal language, the statutory binding effect of agreements made in open court does not extend to a promise in open court by a person who is not a party.[2] Extension of the rule to nonparties poses serious problems; for example, binding defendant herein to her guarantees merely because they were made in open court, without regard to whether they are enforceable under ordinary contract principles (*see, Martin Roofing v Goldstein*, 60 NY2d 262, 264-265, *cert denied* 466 US 905), effectively imposes liability upon defendant based upon her presence as a witness in the divorce action, which raises a due process issue (*see, Matter of Empire Furniture Factories [Marcus—Strauss & Co.]*, 59 NY2d 807). Had defendant wanted to subject herself to the jurisdiction of Supreme Court, the proper way to do so was by moving to intervene (*see, Kirk v Kirk*, 177 AD2d 619). In the alternative, plaintiff could have sought to join defendant as a party to the divorce action pursuant to CPLR 1002 (*cf., De Carlo v De Carlo*, 110 AD2d 806, 807). Had defendant been made a party to the divorce action, she would have had the right to decide whether to be represented by counsel (*see*, CPLR 321 [a]); had she thereafter knowingly and intelligently elected to proceed *pro se*, her open court stipulation would have been binding (*see, Kalra v Kalra*, 170 AD2d 579, *lv dismissed* 78 NY2d 1070). Treating defendant as though she were a party for the purposes of CPLR 2104, despite the failure to join her as a party, effectively denies her the right to decide whether to be represented by counsel which she would have had if she had actually been made a party to the divorce action.

However, under the circumstances of this case, we conclude that defendant's guarantees are enforceable under ordinary contract principles. It is clear from the record that the guarantees were not based on new consideration moving to defendant and beneficial to her, which is essential to establish an

2. *Cf., Wolf v Wolf* (4 AD2d 952, *appeal dismissed* 4 NY2d 924), a Second Department case in which that Court upheld the enforceability of a stipulation made in open court by a person not a party to the action.

independent contract between plaintiff and defendant whereby defendant agreed to be primarily liable for the payments (*see, Martin Roofing v Goldstein, supra,* at 265). It follows, therefore, that defendant's promise was to answer for the debt of another, which ordinarily must be in writing *(see, supra; see also,* General Obligations Law § 5-701 [a] [2]). Furthermore, consideration exists for defendant's guarantee of the obligations assumed by Jacobs in the divorce settlement because plaintiff's acceptance of the settlement was conditioned upon defendant's guarantees (*see, Chase Lincoln First Bank v Smith,* 144 AD2d 816, 818).

Turning to the Statute of Frauds issue, "[t]here is sparse but persuasive authority that if there is an open court stipulation with all the authenticity it carries based on a supporting transcript, then the Statute of Frauds is not applicable" (*Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 8, n). We see no reason not to apply this rule to defendant's promise in open court regardless of whether the promise was binding as an open-court stipulation within the meaning of CPLR 2104. It is the formality of the open-court proceeding and the authenticity provided by the transcript which are relevant to the Statute of Frauds issue, not the binding effect of the stipulation (*see, Fuchs v Fuchs,* 65 AD2d 595, 596). Accordingly, we find defendant's guarantees to be fully enforceable.

We do, however, agree with Supreme Court that plaintiff's eligibility for Social Security benefits in November 1993 forecloses any recovery by plaintiff of post-November 1993 short-fall payments. Further, defendant is entitled to a credit for any payments made by Jacobs to plaintiff during his lifetime. The record on appeal is insufficient to allow this Court to calculate the amount of the judgment and, therefore, the matter must be remitted for the purpose of said calculation.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for summary judgment; motion partially granted in accordance with this Court's decision and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.